## O'Dowd v. Russell.

1. A notice by one of three defendants to his co-defendants of his intention to prosecute a writ of error, and a refusal by them to co-operate, is equivalent to the old proceeding of summons and severance, and the one defendant can take his writ accordingly.

2. A judgment in a court of last resort, that a judgment against A. (who had been sued for not faithfully discharging the duties of a vendue-master of a city and been held discharged under the Bankrupt Act) be reversed, is a final judgment within the meaning of the Judiciary Act; as is also a judgment in a court of last resort that a judgment in an inferior court, holding B. and C. (the sureties of A. on his bond as vendue-master) liable, be affirmed.

3. When the record does not show that a copy of the writ was lodged within ten days in the clerk's office, nor that the bond was approved and filed within the same term, the writ cannot be made to operate as a *supersedeas*.

ON motion to dismiss a writ of error to the Supreme Court of the State of Georgia.

Walker, Jones, and O'Dowd were sued in the Superior Court of Richmond County, Georgia, upon a bond given by

Walker, as principal, and Jones and O'Dowd, as sureties, for the faithful discharge by Walker of his duties as vendue-master in the city of Augusta.

The breach alleged was that Walker, having received, as vendue-master, certain goods for sale, and having sold them and received the proceeds in his capacity as vendue-master, failed to account. The defendants pleaded Walker's discharge under the bankrupt act, and the plea was sustained; but the sureties were held liable under the 33d section of that act, notwithstanding the discharge of their principal. Two writs of error were prosecuted upon this judgment to the Supreme Court of Georgia. One by Jones and O'Dowd to reverse the judgment against them, upon the ground that the discharge of Walker was a bar to the suit against them as sureties; and one by the plaintiff in the action, upon the ground that Walker could not avail himself of his discharge, the debt having been created by his defalcation as a public officer, and while acting in a fiduciary capacity.

The judgment of the Superior Court in favor of Walker was, on the 31st of October, 1871, reversed by the Supreme Court, and the judgment against the sureties on the same day affirmed. To reverse the judgment of the Supreme Court, O'Dowd prosecuted a writ of error. He had given written notice to both Walker and Jones of his intention to carry the case to this court, and requested their co-operation; but each declined to carry on the controversy longer.

The writ (dated by mistake, October 16th, 1871), issued November 10th, 1871, returnable to the first Monday of December following, and was served by filing in the clerk's office, and the case on that day removed by service of the writ. The bond was dated on that same day, but when it was allowed, or when it was filed, did not appear; nor did it appear that any copy was lodged in the office of the clerk of the Supreme Court for the defendant in error.

*Mr. H. M. Hilliard, for the defendant in error,* now moved to dismiss the case on these, among other grounds—

1st. Because it had been prosecuted by O'Dowd alone, and without summons and severance of Walker and Jones.

2d. Because the judgment was not "final" within the meaning of the Judiciary Act, which gives a writ of error only on judgments which are "final."

3d. Because the writ, the bond, the citation, and the copy of the writ of error for the defendants, were not seasonably served or filed.

As to this last ground assigned for dismissing the writ, the reader will, of course, remember that the 23d section of the Judiciary Act enacts that—

"A writ of error shall be a *supersedeas* and a stay of execution in cases *only* where the writ of error is served by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days, Sundays exclusive, after rendering the judgment and passing the decree complained of."

*Mr. J. P. Carr, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

Several grounds are assigned for dismissing this writ. It will be necessary to notice but three of them.

The first of these is, that the writ of error is prosecuted by O'Dowd without summons and severance of his co-defendants. Formerly this was held to be necessary when one of several defendants desired to prosecute his writ of error alone. But, in the case of *Masterson* v. *Herndon*,[*] we held that such a writ of error would be sustained, if it appeared from the record that the defendants, not joined, had been notified in writing, and had refused to join. In this case it appears, by the record, that written notice was given to the co-defendants of O'Dowd, and that they declined to join. This was equivalent to summons and severance.

It is also insisted that the motion to dismiss must be allowed, because the judgment was not final. The judgment against Walker was reversed, because he was held not entitled to the exemption which he claimed under the Bank-

---

[*] 10 Wallace, 418.

rupt Act, and the judgment against the sureties was affirmed, because they were held not entitled to the benefit of his discharge. We think that both judgments were final, and that both are brought under review by the writ of error.

Another reason assigned for dismissal is, that the writ of error, the bond, the citation, and the copy of the writ of error for the defendants, were not seasonably served or filed. It appears, from the record, that the judgment of the Supreme Court was rendered on the 31st of October, 1871, and on the 10th of November, 1871, a writ of error was issued returnable on the first Monday in December, and was served by filing in the clerk's office. The writ is dated on the 16th of October, 1871. This was before the judgment was affirmed, and is obviously a mistake. It does not, however, vitiate the writ. The case was removed by service on the 10th of November.

The citation was served on the 3d of February, 1872. This was sufficient to advise the opposite party that the cause had been removed to this court, and was served and returned within the term.

It does not, however, appear, from the record, that any copy of the writ was lodged for the defendants in error in the clerk's office of the Supreme Court. It was necessary that such a copy should be filed within ten days to make the writ of error a *supersedeas*.* Nor does it appear when the bond was allowed and filed. It bears date of the 10th of November. The allowance is not dated; nor is its filing noted.

We are of opinion, therefore, that a writ of error cannot operate as *supersedeas*; but the motion to dismiss must be

DENIED.

---

* Railroad Company v. Harris, 7 Wallace, 574.