# Crowder *v.* Morgan.

*Action on Writ of Error Bond.*

1. *Appeal or writ of error bond in Federal courts; costs recoverable on affirmance, though bond not operative as supersedeas.*—In an action on an appeal or writ of error bond, given on the removal of a judgment from a Circuit Court to the Supreme Court of the United States, and conditioned that the appellant or plaintiff "shall prosecute said writ of error to effect, and answer all damages and costs if he fail to make his plea good" (U. S. Rev. Stat. §§ 1,000 *et seq.*), although the bond may not operate as a *supersedeas* of the judgment, a recovery may be had for the costs of the appeal, if the judgment is affirmed.

2. *Same; when operative as supersedeas.*—Under the United States statutes regulating writs of error and appeals (Rev. Stat. §§ 1,000 *et seq.*), as judicially construed by the Federal courts, the bond does not operate as a *supersedeas* of the judgment, unless it is approved by a justice or judge of the Circuit Court, and a copy of the writ of error is deposited, for the adverse party, with the clerk of said court.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Mrs. Nannie A. Morgan and her infant children, suing by her as their next friend, against John M. Crowder and Mrs. S. L. Davis; and was commenced on the 18th September, 1880. The action was founded upon a penal bond signed by the defendants jointly with the Piedmont and Arlington Life Insurance Company, for whom they were sureties, which was dated January 2d, 1877, and conditioned as follows: "*Whereas*, lately, at a regular term of the Circuit Court of the United States for the Middle District of Alabama, at Montgomery, in said State, in a suit depending in said court between said Nannie A. Morgan, Minnie Bell Morgan, George W. Morgan, and Ida C. Morgan, as plaintiffs, and the Piedmont

[Crowder v. Morgan.]

and Arlington Life Insurance Company as defendant, judgment
was rendered against the said defendant, for the sum of
$5,217.59; and the said defendant having obtained a writ of
error, and filed a copy thereof in the clerk's office of said court,
to reverse the said judgment in the said suit, and a citation
directed to the said Nannie A. Morgan" and her said children,
"citing and admonishing them to be and appear at the Supreme
Court of the United States, to be holden at Washington on the
second Monday of October next: Now, the condition of the
above obligation is such, that if the said Piedmont and Arling-
ton Life Insurance Company shall prosecute said writ of error
to effect, and answer all damages and costs if it fails to make
its plea good, then the above obligation to be void," &c.

The complaint contained two counts. The first count set out
the bond, with the indorsements thereon; alleged the affirmance
of said judgment by the Supreme Court, during its October
term, 1879, with $500 damages, besides costs, which were taxed
at $140.05; and alleged the following breach of the condition
·of the bond: "That the said Piedmont and Arlington Life
Insurance Company has failed to make its plea good, and has
failed to prosecute its said writ of error to effect; and has failed
to pay and answer said judgment of said Circuit Court, in said
bond described, together with the lawful interest thereon since
the rendition thereof; and has failed to answer and pay the
said sum of $500, so awarded as damages to plaintiffs by said
Supreme Court; and has likewise failed to pay and answer said
sum of $140.05, costs in said Circuit Court, as taxed; but has
allowed the same to be and remain unpaid," &c. There was a
demurrer to this count, alleging several specific causes of de-
murrer, which were in substance—1st, that the bond was with-
out consideration, because it appeared on its face to have been
given and intended as a *supersedeas* bond, and was not taken or
approved by a justice or judge of said Circuit Court; 2d, that
the bond was not valid and operative, because it was not averred
or shown that a copy of the writ of error, for the adverse party,
was lodged with the clerk, or filed in his office; 3d, that the
complaint showed that the bond was not taken within the time
prescribed by law, and by an officer authorized to take it. The
same causes of demurrer were also assigned to the second count,
which set out the order allowing the writ of error, and direct-
ing that it should operate as a *supersedeas*, on the execution of
a bond and its approval by the clerk of the court; alleged the
execution of the bond and its approval by the clerk, whereby
it became operative as a *supersedeas;* alleged also the affirm-
ance of the judgment by the Supreme Court, with damages,
interest, and costs; and alleged as breaches, in substantially the
same language as the first count, the failure to pay said judg-

[Crowder v. Morgan.]

ment, interest, damages, or costs.   The court overruled the demurrers, and the defendants then pleaded, "in short by consent, 1st, the general issue, with leave to give in evidence any matter which, if specially pleaded, would be a good plea in bar; 2d, want of consideration; 3d, failure of consideration;" and several special pleas, which averred, in substance, that the bond was never operative as a *supersedeas*, because it was not taken or approved by a justice or judge of the Circuit Court, and because a copy of the writ of error was not lodged with the clerk. Issue seems to have been joined on all of these pleas.

On the trial, as the bill of exceptions shows, the plaintiffs offered in evidence a certified transcript of the record of the cause in which the said bond was taken, showing the judgment rendered in said Circuit Court of the United States at Montgomery, the order granting the writ of error, the writ of error and bond, and the certificate of affirmance issued by the clerk of the Supreme Court of the United States at Washington. The judgment of said Circuit Court was rendered on the 15th December, 1876; and the order allowing the writ of error, which was made on the 22d December, 1876, was in these words: "Upon the application of the defendant in this cause for a writ of error and *supersedeas* in this cause, it is ordered that the defendant be allowed until the 15th day of January next to file its bond with two sureties, to be approved by the clerk, payable and conditioned in the usual form, in double the amount of the judgment; and when so filed, *supersedeas* shall take effect."   The writ of error was allowed by Hon. W. B. Woods, the presiding justice of said Circuit Court, and was marked by the clerk "Filed December 22d, 1876;" while the bond was approved by the clerk, and marked by him "Filed 15th January, 1877."   The defendants objected to the admission of the transcript as evidence, "first, because there is a variance between it and the allegations of the complaint; second, because it was incompetent and illegal evidence."   The court overruled the objections, and the defendants excepted.   This was all the evidence offered by the plaintiffs.   The defendants then proved by J. W. Dimmick, the clerk of said Circuit Court at Montgomery, that the original writ of error was filed in his office, but that no copy thereof for the adverse party was ever filed in his office.   The defendants then testified, as witnesses for themselves, "that they never appeared before the clerk of said Circuit Court, or the judge of said court, in reference to said bond, its approval, their justification, and signatures to it; that they signed the bond in Huntsville, before A. W. McCullough, United States commissioner, and had no notice or knowledge of any of the proceedings in said cause in the Supreme Court of the United States, further than is disclosed by said bond,

[Crowder v. Morgan.]

until after the judgment of affirmance by said Supreme Court."

This being all the evidence, the court charged the jury, on the request of the plaintiffs, " that they must find for the plaintiffs, if they believed the evidence ; " and further, " that they should return a verdict for the plaintiffs, for the amount of the judgment of said Circuit Court at Montgomery, with interest thereon from the day of its rendition, and for the amount of damages awarded by the Supreme Court on its affirmance, in addition to interest, but no interest to be charged on said damages." The defendants excepted to each of these charges, and requested the court to instruct the jury, " if they believed the evidence, they must find for the defendants ; " which charge the court refused, and the defendants excepted to its refusal.

The rulings of the court on the pleadings and evidence, the charges given, and the refusal of the charge asked, are now assigned as error.

HUMES, GORDON & SHEFFEY, and L. W. DAY, for the appellants.—The bond is, in form, a statutory obligation ; and each count, in legal effect, declares on it as such. But, whether the second count be construed as declaring on it as a statutory or as a common-law obligation, the demurrer to it should have been sustained ; because, if sued on as a statutory bond, it never had that effect, not having been approved by the judge of the court, and no copy of the writ of error having been lodged with the clerk ; and if as a common-law obligation, it was not supported by any sufficient consideration, since its recitals show that its sole consideration was the *supersedeas* of the judgment, and that it did not have that effect. It was essential that the bond, to have the effect of a *supersedeas*, should be approved by the judge, and that a copy of the writ of error should be lodged in the clerk's office, as required by statute.—U. S. Rev. Stat. §§ 1,000 to 1,007 ; *Goddard v. Ordway*, 94 U. S. 672 ; *Slaughter House cases*, 10 Wall. 273 ; *Hudgins v. Kemp*, 18 How. 530 ; *Adams v. Law*, 16 How. 148 ; *Railroad v. Harris*, 7 Wall. 574 ; *O'Dowd v. Russell*, 14 Wall. 402 ; *Hogan v. Ross*, 11 How. 295 ; *Kitchen v. Randolph*, 93 U. S. 86 ; *Saltmarsh v. Tuthill*, 12 How. 387 ; *United States v. Curry*, 6 How. 113 ; *Comm'rs v. Gorman*, 19 Wall. 661 ; 1 Cr. C. C. 532 ; *Bangs & Co. v. Railroad Co.*, 23 How. 1 ; *Black v. Zacharie*, 3 How. 494 ; *O'Reilly v. Edrington*, 6 Otto, 724 ; *Nat. Bank v. Omaha*, 6 Otto, 737 ; *United States v. Hodge*, 3 How. 534. For similar decisions, under State statutes, see *Eustis v. Holmes*, 48 Miss. 34 ; *Ex parte Sibert*, 67 Ala. 349 ; *Mining Co. v. Pulling*, 89 Illinois, 58 ; 7 Daly, N. Y. 95 ; *Blanchard v. Wolff*, 1 Mo. App. 520 ; *Ham v. Greve*, 41 Indiana, 531. The bond was without any consideration, and was not valid as a common-

[Crowder v. Morgan.]

law obligation.—*Sears v. Bearsh*, 7 La. Ann. 539; *Sewall v. Franklin*, 2 Porter, 493; *Whitsett v. Womack*, 8 Ala. 466; *Alston v. Alston*, 34 Ala. 15; *Steele v. Tutwiler*, 63 Ala. 369; *Copeland v. Cunningham*, 63 Ala. 394. The defendants are not estopped from assailing the consideration or validity of the bond.—*Adams v. Olive*, 57 Ala. 250; *Benedict v. Bray*, 2 Cal. 251; *Perry v. Hensley*, 14 B. Monroe, 474; *Thompson v. Lockwood*, 15 John. 256; *Merriam v. Railroad Co.*, 17 Mass. 241; 38 Indiana, 521; *Hanner v. Cobbs*, 2 Stew. & P. 383. If the plaintiffs were entitled to recover at all, no proof of damage being made, they could only recover nominal damages.—*Marcum v. Burgess*, 67 Ala. 556; *Bagby v. Harris*, 9 Ala. 173; *Moore v. Anderson*, 20 Texas, 224; *Probate Court v. Slason*, 23 Vermont, 306; 24 Md. 310; 13 B. Monroe, 330; 31 Mo. 95; 4 Rob. N. Y. 372; *Omaha Hotel Co. v. Kountze*, 17 Otto, 378.

Jno. D. Brandon, and W. R. Nelson, *contra.*—If the plaintiffs were entitled to recover under either count, the judgment will be sustained.—*Telegraph Co. v. Meyer*, 61 Ala. 161; *Smith & Gary v. Aubrey*, 19 Ala. 165. The demurrer was to each count as whole, and denied any right of recovery at all; and if plaintiffs were entitled to recover only the costs, the demurrers were properly overruled. If the bond should be held defective as a statutory *supersedeas* bond, it is nevertheless valid as an appeal bond, and is supported by a sufficient consideration to uphold it as a common-law obligation.—*Sprowl v. Lawrence*, 33 Ala. 692; *Alston v. Alston*, 34 Ala. 21; *Williamson v. Woolf*, 37 Ala. 298; *Masterson v. Matthews*, 60 Ala. 260; *Munter v. Reese*, 61 Ala. 395; *Jenkins v. Lockard's Adm'r*, 66 Ala. 377; *United States v. Tingley*, 5 Peters, 115; *United States v. Linn*, 15 Peters, 315; *United States v. Hodson*, 10 Wallace, 409; *Hester v. Keith & Kelly*, 1 Ala. 316; *Gayle v. Martin*, 3 Ala. 593; *Whitsett v. Womack*, 8 Ala. 466; *Adams v. Olive*, 57 Ala. 249. But the bond was valid and sufficient as a statutory bond. The provisions of the statute are directory merely, and not mandatory; and being intended for the protection and benefit of appellees, they may waive any imperfection or informality. The bond was, in legal effect, taken by the judge, acting through the clerk; and it was approved by the clerk, under an order which was made at the instance of the appellants, which was binding until revoked, and which has never been revoked. It was a substantial compliance with the statute, and has answered all the purposes of a *sudersedeas* bond. *United States v. Tingley*, 5 Peters, 128; *Davidson v. Lanier*, 4 Wallace, 447; *Ex parte Railroad Co.*, 5 Wallace, 188; *Seymour v. Frier*, 5 Wallace, 822; *Rubber Co. v. Goodyear*, 6 Wallace, 153; *Supervisors v. Camper*, 3 Wendell, 49; *Ohio*

[Crowder v. Morgan.]

*v. Bowman,* 10 Ohio, 445; *Fellows v. Gilman,* 4 Wendell, 414; *Clayton v. Antony,* 18 Grat. 578; *Lawton v. Irwin,* 9 Wen-dell, 236. The defendants are estopped from denying the validity of the bond, either as a statutory bond, or as a common-law obligation.—Herman on Estoppel, §§ 229–55; Bigelow on Estoppel, 295–318; Brandt on Suretyship, §§ 29, 30, 363; *George v. Bischopp,* 68 Ill. 237; *Robertson v. Coker,* 11 Ala. 466; *McClure v. Colclough,* 17 Ala. 89; *May v. Robertson,* 13 Ala. 86; *Firemen's Ins. Co. v. McMillan,* 29 Ala. 147; *Spence v. Rutledge,* 11 Ala. 590; *Wright v. Lang,* 66 Ala. 389; 12 Vermont, 39; 18 Howard, 289; *Mason v. Richards,* 12 Iowa, 73; *People v. Edwards,* 9 Cal. 286; *McCracken v. Todd,* 1 Kansas, 148; 14 La. Ann. 736; *Crawford v. Hannon,* 9 Geo. 814; *Bank v. Smith,* 5 Allen, 413; 16 Gray, 473.

STONE, J.—This is a suit upon an appeal bond, by which a judgment of a Circuit Court of the United States was carried to the Supreme Court, and there affirmed. The complaint has two counts; one claiming that the bond is a statutory *supersedeas* bond; the other, counting on it as a common-law obligation. Each count, however, is sufficient, if we treat the bond simply as a common-law undertaking; and each assigns, as a special breach, that the appeal was not prosecuted to effect, and that the costs of appeal were not paid. To this extent, there can be no question that appellees were entitled to recover, and the demurrer was properly overruled.—*Hughes v. Hatchett,* 55 Ala. 539; *Drake v. Webb,* 63 Ala. 596; *Shelton v. Otis,* at the last term. *

Under the act of Congress, and the rulings thereon, we feel bound to hold that the bond did not, and could not, operate as a *supersedeas.* It was not approved by a judge of the Circuit Court, and a copy of the writ of error, for the adverse party, was not deposited with the clerk, as the statute requires. *Black v. Zacharie,* 3 How. U. S. 483; *O'Reilly v. Edrington,* 96 U. S. 724; *National Bank v. Omaha, Ib.* 737; *Railroad Company v. Harris,* 7 Wall. 574; *O'Dowd v. Russell,* 14 Wall. 402; *Anson v. Railroad Company,* 23 How. 1; *Hogan v. Ross,* 11 How. U. S. 294; *Davenport v. Fletcher,* 16 How. 143; *Hudgens v. Kemp,* 18 How. 530; *Slaughter House cases,* 10 Wall. 273, 290; *Goddard v. Ordway,* 94 U. S. 672; Rev. Stat. U. S. §§ 1,000, *et seq.*

The rulings of the Circuit Court are not reconcilable with the views above expressed.

Reversed and remanded.

---

* This case has never been reported, the opinion having been lost or mislaid. REP.