## LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* BEHLMER.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 585. Submitted March 14, 1898. — Decided March 28, 1898.

The provision in § 16 of the act of February 4, 1887, as amended by the act of March 2, 1889, c. 382, that appeals from judgments of Circuit Courts in such cases to this court shall not operate to stay or supersede the order of the court, or the execution of any writ or process thereon, does not refer to an appeal from a judgment of a Circuit Court of Appeals to this court; and such an appeal to this court from such a judgment of a Circuit Court of Appeals operates as a supersedeas.

THE case is stated in the opinion.

*Mr. Claudian B. Northrop* for the motion to vacate the supersedeas.

*Mr. Joseph W. Barnwell* and *Mr. Edward Baxter* opposing.

Mr. Chief Justice Fuller delivered the opinion of the court.

Henry W. Behlmer filed a petition before the Interstate Commerce Commission, which resulted in an order requiring the Louisville and Nashville Railroad Company and other companies to abstain from charging, demanding, collecting or receiving any greater compensation in the aggregate for transportation of hay or other commodities carried by them, under circumstances and conditions similar to those appearing in the case, from Memphis, Tennessee, to Summerville, South Carolina, to that contemporaneously charged and received for the transportation of hay and other commodities from Memphis to Charleston, South Carolina. The companies having failed to comply with that order, Behlmer filed his petition in the Circuit Court of the United States for the District of South Carolina, setting out the action before the Commission, and the failure of the companies to comply with the order; and prayed for a writ of injunction or other proper process restraining the companies from continuing in their violation and disobedience to said order.

On final hearing the Circuit Court entered a decree dismissing the bill. 71 Fed. Rep. 835. Behlmer appealed to the Circuit Court of Appeals for the Fourth Circuit and that court reversed the decree of the Circuit Court and directed that the order of the Interstate Commerce Commission be enforced. 42 U. S. App. 581.

An appeal was then allowed and perfected to this court, which operated as a supersedeas, and Behlmer now moves the court to declare the appeal not to have that effect; or to vacate the supersedeas resulting from the allowance of the appeal and the approval of the bond tendered.

The sixteenth section of the act of February 4, 1887, c. 104, to regulate commerce, 24 Stat. 379, as amended by the act of March 2, 1889, c. 382, 25 Stat. 855, under which resort to the Circuit Courts could be had for the enforcement of lawful orders or requirements of the Interstate Commerce Commission, provided that: "When the subject in dispute

shall be of the value of two thousand dollars or more, either party to such proceeding before said court may appeal to the Supreme Court of the United States, under the same regulations now provided by law in respect of security for such appeals; but such appeals shall not operate to stay or supersede the order of the court or the execution of any writ or process thereon."

At the date of the passage of these acts the rapid growth of the country and the steady increase of its litigation had so congested the docket of this court that years frequently elapsed before appeals and writs of error could be heard. When then the Interstate Commerce Commission was created and provision made for the enforcement of its orders by the Circuit Courts, while appeals were allowed from the decrees of those courts to this court, it was the legislative will that such appeals should not suspend the operation of the decrees appealed from. It is quite true that if the Circuit Court reversed the order of the Commission and dismissed the petition, the question of superseding such a decree might not be material, but, as the section provided that either party might appeal, the inhibition on the effect of the appeal applied alike to either.

The primary object of the Judiciary Act of March 3, 1891, was to relieve this court of the overburden of cases which impeded the prompt administration of justice. *McLish* v. *Roff*, 141 U. S. 661. Accordingly all cases in which the judgments and decrees of the Circuit Courts of Appeals were made final by the act can only be brought to this court on certiorari, although in other cases, of which this is one, appeal or error will lie. The act also provided that when a case reaches this court through the Circuit Court of Appeals, by appeal, writ of error or certiorari, the cause shall be remanded to the proper District or Circuit Court for further proceedings in pursuance of the determination of this court, exactly as if the case came here directly from the District or Circuit Court.

Assuming that section sixteen of the Interstate Commerce Act remained unrepealed, it was nevertheless so far affected

as that the appeal from the trial court had to be prosecuted to the Circuit Court of Appeals instead of to this court. *Interstate Commerce Commission* v. *Atchison, Topeka &c. Railroad,* 149 U. S. 264.

But such appeal would not operate to supersede the decree of the trial court, nor would such decree be superseded if the case were brought to this court from the Circuit Court of Appeals, even though the judgment of the latter court were superseded. In this case the petition was dismissed by the Circuit Court. The Court of Appeals reversed that decree, but it still remained in force because the judgment of the Circuit Court of Appeals had been superseded. If the Circuit Court had decreed the enforcement of the order of the Commission, and the Circuit Court of Appeals had affirmed that order, and then the case had been brought here, the result would have been the same.

This application of the plain words of the statute gives the same effect to the appeal to this court from the intermediate court as if the appeal had been taken directly to this court from the Circuit Court.

Section eleven of the act of March 3, 1891, provided among other things as follows : " And all provisions of law now in force regulating the methods and system of review, through appeals or writs of error, shall regulate the method, and system of appeals and writs of error provided for in this act in respect of the Circuit Courts of Appeals, including all provisions for bonds or other securities to be required and taken on such appeals and writs of error, and any judge of the Circuit Courts of Appeals, in respect of cases brought or to be brought to that court, shall have the same powers and duties as to the allowance of appeals or writs of error, and the conditions of such allowance, as now by law belong to the justices or judges in respect of the existing courts of the United States respectively."

And it is argued that the words "all provisions for bonds or other securities," which were in force at the time of the adoption of the act of 1891, include as applicable to appeals from the Circuit Courts of Appeals the provision of section

sixteen of the Interstate Commerce Act, that the appeal therein referred to shall not operate to stay or supersede. We cannot accede to that view, for the appeal treated of in section sixteen is an appeal from the trial court, and does not refer to an appeal from the Circuit Courts of Appeals. "Either party to such proceeding before said court may appeal," is the language, and as "said court" confessedly referred to the Circuit Court, the only question would be whether the scope of the provision had been enlarged by the act of 1891, in the matter under consideration, which we do not think it had.

When cases are brought here from the Circuit Courts of Appeals, we are, of course, called on to review the judgments of those courts, in revision of the judgments of the courts below, but our mandate goes to the court of first instance, and is there carried into effect, though the Court of Appeals may have sent its own mandate down before the case was brought to this court by appeal, writ of error or certiorari. *The Conqueror*, 166 U. S. 110.

The rule prescribed by the statute has necessarily not been changed by the omission to strictly observe it in the entry of judgment in some cases.

*Motion denied.*