## KINGMAN *v.* WESTERN MANUFACTURING COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 248. Submitted May 4, 1898.—Decided May 23, 1898.

A judgment is not final, so that the jurisdiction of the Appellate Court may be invoked, while it is still under the control of the trial court, through the pendency of a motion for a new trial.

THE Western Manufacturing Company, a corporation of the State of Nebraska, brought its action against Kingman & Company, a corporation of the State of Illinois, in the Circuit Court of the United States for the District of Nebraska, seeking a recovery of various amounts, on four causes of action, and demanding judgment in the aggregate for the sum of $18,990. Such proceedings were had that the cause duly came on for trial before a jury at the May term, 1895, of said court, which resulted in a verdict on June 4, 1895, one of the days of that term, against Kingman & Company for the sum of $1996.66. On the coming in of the verdict, the court, according to the practice in that jurisdiction, at once rendered judgment on the verdict. On June 6, 1895, it being still the May term, Kingman & Company filed its motion to vacate and set aside the judgment and for a new trial of the cause, for various reasons therein stated. The motion was heard, and on December 11, 1895, being one of the days of the November term, 1895, of the court, was overruled by an order entered that day in the following terms: "This cause having been heard on the motion of the defendant to set aside the judgment and the verdict and for a new trial herein, was argued and submitted to the court by the attorneys for the respective parties; whereupon, after careful consideration thereof and being fully advised in the premises, it is now on this day considered, ordered and adjudged by the court that said motion be, and the same is hereby, overruled, and

that the judgment heretofore entered herein be and remain absolute."

On the next day, December 12, one of the days of the November term, an order was entered giving Kingman & Company thirty days from that date "in which to prepare and present its bill of exceptions herein."

The bill of exceptions was duly served on the attorneys for the Western Manufacturing Company, and was by them endorsed: "Dec. 30, 1895. Returned without amendment;" was presented to the trial judge for his signature, and was by him duly allowed, signed and filed, January 11, 1896. The petition of Kingman & Company for writ of error and an assignment of errors was filed, the writ of error duly allowed and issued, bond approved and filed, and citation signed, all on January 20, 1896. The citation was served January 21 and returned, and filed January 22. The record was filed in the Circuit Court of Appeals for the Eighth Circuit March 14, 1896, and was printed. On the first day of May, 1896, the Western Manufacturing Company filed its motion in the Circuit Court of Appeals to dismiss the appeal because the court had no jurisdiction of the cause; and because more than six months had intervened between the date of the rendition of the judgment in the action and the date of allowing and taking out the writ of error; of the filing of the petition for the writ of error; of the filing of the assignment of errors; of the filing of the bond; and of the service of the citation. This motion was sustained and the writ of error dismissed, with costs, for want of jurisdiction. A petition for rehearing was denied, and, thereafterward, a writ of certiorari was issued removing the cause to this court.

*Mr. Walter J. Lamb* for the Western Manufacturing Company.

*Mr. James H. McIntosh* for Kingman.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

In *Aztec Mining Company* v. *Ripley*, 151 U. S. 79, it was held that this court had jurisdiction by appeal or writ of error to pass upon the jurisdiction of the Circuit Courts of Appeals in cases involving the question whether their judgments were made final by section six of the act of March 3, 1891, c. 517, 26 Stat. 826. The present case was one of the classes of cases in which the judgments of the Circuit Courts of Appeals were made final, and, therefore, the remedy was properly sought by certiorari.

By section eleven of that act it is provided that "no appeal or writ of error by which any order, judgment or decree may be reviewed in the Circuit Courts of Appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment or decree sought to be reviewed."

By section six the Circuit Courts of Appeals are empowered to review final decisions of the District and Circuit Courts, except where cases are carried, under section five, directly to this court, but by the seventh section, as amended by the act of February 19, 1895, c. 96, 28 Stat. 666, jurisdiction is given to the Courts of Appeals from appeals from interlocutory orders in injunction proceedings. *Kirwan* v. *Murphy*, 170 U. S. 205.

This provision is an exception to the general rule, and while the language of section eleven refers to the entry of the order, judgment or decree, yet the meaning must be confined to final orders, judgments or decrees.

The question is, then, whether the judgment of which Kingman & Company complained became final for the purposes of a writ of error six months before the writ was sued out.

By section 726 of the Revised Statutes, the courts of the United States are empowered to grant new trials "for reasons for which new trials have usually been granted in the courts of law;" and by section 987 provision is made where judgment had been entered on a verdict, or a finding of the court on the facts, for stay of execution for forty-two days, on motion for time to file a petition for a new trial, and if such petition should be filed by leave within that time, execution

was further stayed as of course; and "if a new trial be granted, the former judgment shall thereby be rendered void." These sections were brought forward from sections seventeen and eighteen of the original judiciary act of September 24, 1789, and the latter section is supplementary and additional to the other.

At common law motions for new trial were made before judgment, but under the statutes of many of the States judgment is entered at once on the return of the verdict, and the motion for new trial made afterwards.

By section 5889 of the Compiled Statutes of Nebraska applications for new trial must be made at the term when the verdict is rendered, (except on the ground of newly discovered evidence,) and within three days after verdict unless unavoidably prevented.

The motion for new trial in this case was filed within three days after the return of the verdict, and seasonably within the rule of the state statute, or the common law rule, and, it is said, within the rule enforced by the United States courts in that district. No leave to file it was required, and as it was entertained by the court, argued by counsel without objection, and passed upon, it must be presumed that it was regularly and properly made. This being so, the case falls within the rule that if a motion or a petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal. *Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31; *Voorhees* v. *Noye Manufacturing Co.,* 151 U. S. 135; *Brockett* v. *Brockett,* 2 How. 238, 249; *Texas and Pacific Railway* v. *Murphy,* 111 U. S. 488; *Memphis* v. *Brown,* 94 U. S. 715; *Northern Pacific Railroad* v. *Holmes,* 155 U. S. 137. In *Memphis* v. *Brown* the judgment was in mandamus, and a motion had been made to set it aside, which was denied, and thereupon the judgment was reëntered. The question here arose on a motion to vacate the supersedeas because the writ of error was not seasonably sued out within

section 1007, Rev. Stat., sixty days having elapsed since the judgment was originally entered, and Mr. Chief Justice Waite, delivering the opinion of the court, said: "Under the ruling in *Brockett* v. *Brockett*, 2 How. 241, the motion made during the term to set aside the judgment of March 2 suspended the operation of that judgment, so that it did not take final effect for the purposes of a writ of error until May 20, when the motion was disposed of. In addition to this, the form of the entry of May 20 is equivalent to setting aside the judgment of March 2, and entering it anew as of that date. This the court had the right to do during the term and for the very purpose of giving it effect for a supersedeas." No reference was made to any distinction between a motion for a rehearing in a suit in equity and a motion for a new trial in an action at law. Indeed section 1012 of the Revised Statutes provides that appeals "shall be subject to the same rules, regulations and restrictions as are or may be prescribed in law in cases of writs of error," and if the limitation on taking an appeal does not begin to run until after the denial of a pending petition for rehearing in an equity suit, it would seem to follow that this must be so as to bringing a writ of error after the overruling of a motion for a new trial.

The subject was much considered by Judge McCrary in *Rutherford* v. *Penn Mutual Life Insurance Company*, 1 McCrary, 120, where he held that "a writ of error will operate as a supersedeas if duly served within sixty days, Sundays excluded, after a motion for new trial has been overruled," and by Judge Sabin in *Brown* v. *Evans*, 18 Fed. Rep. 56, where the same conclusion was reached, and it was held that where a motion for a new trial had been made and entertained, the judgment in the case did not become final and effectual for purposes of review until the date of the order of court overruling such motion. And see *Alexander* v. *United States*, 15 U. S. App. 158, 169; *Scott's Administrator* v. *Stockton*, 41 U. S. App. 579; *Andrews* v. *Thum*, 33 U. S. App. 430.

"A judgment or decree to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeals and writs of error," said Chief Justice

Waite in *Bostwick* v. *Brinkerhoff*, 106 U. S. 3, "must terminate the litigation between the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered."

And in *McLish* v. *Roff*, 141 U. S. 661, 665, it was observed by Mr. Justice Lamar: "From the very foundation of our judicial system the object and policy of the acts of Congress in relation to appeals and writs of error, (with the single exception of the provision in the act of 1875 in relation to cases of removal, which was repealed by the act of 1887,) have been to save the expense and delays of repeated appeals in the same suit, and to have the whole case and every matter in controversy in it decided in a single appeal."

The Circuit Courts of Appeals are governed by the same principles.

Unquestionably it is the general rule that after the expiration of the term all final judgments, decrees or other final orders of the court thereat rendered and entered of record, pass beyond its control unless steps be taken during that term by motion or otherwise, to set aside, modify or correct them. *Hickman* v. *Fort Scott*, 141 U. S. 415. But this motion for new trial was filed in due course and in apt time during the term at which the verdict was returned and judgment rendered, and this being so, the case came within the exception.

It is true that a writ of error does not lie from this court or the Courts of Appeals to review an order denying a motion for a new trial, nor can error be assigned on such an order because the disposition of the motion is discretionary; but the court below while such a motion is pending has not lost its jurisdiction over the case, and, having power to grant the motion, the judgment is not final for the purpose of taking out the writ. The effect of a judgment, entered at once on the return of the verdict, in other respects is not open for consideration. The question before us is merely whether a judgment is final so that the jurisdiction of the appellate court may be invoked while it is still under the control of the trial court through the pendency of a motion for new trial. We

do not think it is, and are of opinion that the limitation did not commence to run in this case until the motion for new trial was overruled.

*The judgment of the Circuit Court of Appeals is reversed and the cause remanded for further proceedings.*