## ELLIOTT ADDRESSING MACH. CO. et al. v. ADDRESSING TYPEWRITER STENCIL CORPORATION et al.

Circuit Court of Appeals, Second Circuit.
March 4, 1929.

No. 291.

James R. Bowen, of Jersey City, N. J., for appellants.

B. W. B. Brown, of New York City, and F. Allan Minne and William Nevarre Cromwell, both of Chicago, Ill., for appellees.

Before L. HAND and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. The order was drawn in entire disregard of equity rule 71, which forbids any recital, except that which comes to us from the English rules of 1824. Instead of this, the solicitor filled up nearly four printed pages with mention of the affidavits used on the motion, and a page and a half more with what he chose to call "findings"—an especial barbarism in an order pendente lite.

Of the three provisions, we think that the first should stand; i. e., the injunction against infringement of the patent. The plaintiffs did not, indeed, prove their title, at least not that of the Elliott Addressing Machine Company. Whether the A. B. Dick Company's title was proved we do not stop to inquire, because no assignment of error raises the defect, if any, and the order itself shows that this much was not seriously disputed. The fifth assignment does, indeed, challenge the plaintiffs' proof of infringement, but that is quite another matter, and in any case was proved prima facie by the affidavit of Grosvenor.

The second provision is against "utilizing or disclosing to others any information procured by the defendants from customers' or users' lists formerly possessed by said Rapid Addressing Machine Company." The defendants do not claim the right so to use these lists, and Burleigh said that he never made or took away any copy of them. He acknowledged that he made notes of customers while he was in the Rapid Company's employ, but only from his own experience. These notes and his memory were all that he relied on in sending out the defendants' lists. It is impossible to decide the issue on affidavits. Hall Signal Co. v. General R. Signal Co., 153 F. 907 (C. C. A. 2); National Commodities v. Viret, 296 F. 664 (C. C. A. 2). The defendants' denial may be overcome by circumstantial evidence only after a trial,

which can better sift the truth. However, since the defendants do not profess to have used the lists, or to want to use them, their activities will not be limited by a continuance of the injunction. Moreover, they do not suggest that the mere fact that they have been enjoined seriously affects them commercially. Since, therefore, the addition of this provision to the injunction against infringing the patent is not a practical injury to them, the case appears to be one where, on a balance of advantage, the writ should go. Colorado Eastern R. Co. v. Chicago, B. & Q. R. Co., 141 F. 898, 900, 901 (C. C. A. 8).

The last provision takes from the defendants machines lawfully come by, unless the purchase be upset for fraud. Even at trial, evidence of fraud must be sharp and clear; it is difficult to imagine a case where, in the face of the defendant's denial, it can be circumstantially established by affidavit. At any rate, this is not such, for the relief is not limited to an injunction, but takes out of the defendants' possession property whose title is challenged only because of the fraud itself. We have found nothing in the books to suggest that such relief can go in limine, and that is all we now decide. Whether the plaintiffs can recover the machines upon this bill after final hearing we leave open. The direction to the marshal to deliver the machines to the plaintiffs was in our opinion wrong, as was also the original seizure; they should be restored to the defendants, and without security.

Order reversed, and cause remanded for further proceedings. The whole order must be recast, omitting all but lawful recitals and all "findings."