## LARKIN PACKER CO. v. HINDERLITER TOOL CO.

### No. 644.

Circuit Court of Appeals, Tenth Circuit.

Aug. 20, 1932.

492

John H. Bruninga, of St. Louis, Mo., for appellant.

Russell R. Hays, of Tulsa, Okl. (Howell E. Hays, of Tulsa, Okl., and Charles W. Hills and Alexander C. Mabee, both of Chicago, Ill., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

On August 8, 1931, the trial court rendered a decree perpetually enjoining appellant from infringing letters patent of appellee, and directing an accounting of the profits. Thirty-one days thereafter, an appeal from such decree was petitioned for and allowed. The appellee moves to dismiss the appeal.

If the appeal was not taken within the period allowed by the applicable statute, Act of Feb. 28, 1927 (28 USC § 227a [28 USCA § 227a]), this court is without jurisdiction to hear it. Western Silo Co. v. Morris (C. C. A. 8) 33 F.(2d) 285; Northwestern Pub. Serv. Co. v. Pfeifer (C. C. A. 8) 36 F.(2d) 5; Kiehn v. Dodge County (C. C. A. 8) 19 F.(2d) 503. That appellee made an unsuccessful effort to get the trial court to vacate its order allowing the appeal, does not help appellant; the parties cannot, by their conduct, confer jurisdiction where Congress has not. Satterlee v. Harris (C. C. A. 10) 60 F.(2d) 490; Vaughan v. American Ins. Co. (C. C. A. 5) 15 F.(2d) 526; American Brake Shoe & Foundry Co. v.

New York Rys. Co. (C. C. A. 2) 282 F. 523; Blaffer v. New Orleans Water Supply Co. (C. C. A. 5) 160 F. 389. Nor can the 30-day statutory period be extended because of the circumstance that the 30th day was Labor Day, and the 29th day a Sunday. Johnson v. Meyers (C. C. A. 8) 54 F. 417; Siegel-schiffer v. Penn Mut. Life Ins. Co. (C. C. A. 2) 248 F. 226; Meyer v. Hot Springs Imp. Co. (C. C. A. 9) 169 F. 628; Northwestern Pub. Serv. Co. v. Pfeifer, supra; Lewis' Sutherland on Statutory Construction (2d Ed.) § 188. In the cited cases, the time for appeal was more than 30 days, and the language of the statutes involved differs somewhat from the language of the statute governing this appeal. But these differences are without substance; the cases rest upon the ground that if Congress has not excepted Sundays and holidays from the time allowed for appeal, the courts cannot. The appeal must therefore be dismissed, unless time was tolled by the happenings now to be noticed.

The decree appealed from is general in terms; it decrees that plaintiff's patents are valid, that defendant has infringed them, and enjoins defendant from further infringement. In the findings of fact and conclusions of law, the trial court finds that defendant's appliances, described as "Plaintiff's Exhibit 3" and "Defendant's Exhibit J," infringe. The finding of fact as to Exhibit J is as follows:

"That the Defendant's oil well appliance, Defendant's Exhibit J, modified after this suit was started by merely omitting the ears or lugs from Plaintiff's Exhibit 3, infringes claims 2 and 3 of Letters Patent No. 1,-344,922 and possesses each and every element of each of those claims in the identical combination set forth in said claims and possesses the same mode of operation and secures the same results."

Describing the modified appliance as Exhibit J was an error. The plaintiff claimed that the appliance referred to as Exhibit 3 infringed; during the course of the trial it developed that defendant modified Exhibit 3, after this suit was filed, by removing its ears or lugs. But Exhibit J was not one of the modified appliances, but was only a part of it.

On September 2, 1931, one of the solicitors for defendant informally called the court's attention to the error, and the court directed that it be corrected, so as to exclude from the findings and the scope of the decree, the device identified as Exhibit J. The correction was made by an order entered September 10th, by which the finding above quoted was corrected nunc pro tunc by striking out the words "Defendant's Exhibit J" and inserting in lieu thereof the words "like Plaintiff's Exhibit 3, but." The same change was made in the corresponding conclusion of law.

The appellant argues that its time for appeal was tolled by this circumstance. There can now be no doubt that if a petition for rehearing in a court of equity is seasonably filed, the time allowed for appeal is suspended until it is ruled on. Morse v. United States, 270 U. S. 151, 46 S. Ct. 241, 70 L. Ed. 518. Such a petition must be filed within the time allowed for appeal. Conboy v. First Nat. Bank of Jersey City, 203 U. S. 141, 27 S. Ct. 50, 51 L. Ed. 128; Northwestern Pub. Serv. Co. v. Pfeifer (C. C. A. 8) 36 F.(2d) 5. If a rehearing is applied for, in good faith, the time for appeal is tolled, although it may fail to meet the full requirements as to form. Thomas Day Co. v. Doble Laboratories (C. C. A. 9) 41 F.(2d) 51. Where a motion for a new trial or a petition for rehearing is a matter of right, time is tolled by the filing thereof. Kingman v. Western Mfg. Co., 170 U. S. 675, 18 S. Ct. 786, 42 L. Ed. 1192; Payne v. Garth (C. C. A. 8) 285 F. 301. Where not a matter of right, or where the petition is informal, time is tolled if the court considers or entertains the petition.

In the case at bar an informal application to correct the court's findings and conclusions was seasonably made. The court considered the application and granted it. But we think the application cannot be treated as a petition for rehearing. No rehearing of the issues was prayed for. All that was done was to direct the trial court's attention to an "error arising from an accidental slip or omission," which the court had power to correct without rehearing. Equity Rule 72 (28 USCA § 723); Foster's Fed. Prac. §§ 444, 445. The court originally held that Exhibit 3, with the ears removed, infringed. That holding was not changed. All the court did was to eliminate the words "Defendant's Exhibit J" which were used parenthetically to identify the modified device in the record. As far as the record discloses, this was all it was asked to do. Calling the court's attention to such an accidental slip is commendable; but it cannot fairly be called a petition for rehearing. Counsel did not consider it a petition for rehearing, for no attempt was made to comply

with Equity Rule 69 (28 USCA § 723), with which they were undoubtedly familiar; nor did they consider it as tolling the time for appeal, for the appeal was prayed for and allowed prior to the time the court acted on their suggestion.

The appellant then contends that the effect of the order of September 10th was to amend the decree of August 8th, and directs attention to the fact that the trial court, in a later order, recited that in its September 10th order it had corrected its findings so as to exclude Exhibit J from its decree of August 8th. The argument is that time could not commence to run on an appeal until the decree appealed from was settled.

The decree of August 8th was not in terms amended by the order of September 10th, which only purported to correct a finding of fact and a conclusion of law. Such correction necessitated no amendment of the decree, for it did not particularize as to infringing devices, but stopped with a general finding and decree of infringement.

Appellant argues that where a decree is in such general terms, resort must be had to the findings or other parts of the record, to determine what device was decreed to infringe. It is true that the decree gives no inkling of what devices were found to infringe; it does not conform to section 19 of the Act of October 15, 1914 (28 USC § 383 [28 USCA § 383]) which requires that "every order of injunction * * * shall be specific in terms, and shall describe in reasonable detail, and not by reference to the bill of complaint or other document, the act or acts sought to be restrained." The law was so prior to this enactment. "The defendants ought to be informed as accurately as the case permits, what they are forbidden to do. Specific devices are mentioned in the bill, and they stand prohibited. The words quoted are a sweeping injunction to obey the law, and are open to the objection which we stated at the beginning, that it was our duty to avoid." Swift & Co. v. United States, 196 U. S. 375, 401, 25 S. Ct. 276, 281, 49 L. Ed. 518. While proper practice demands a scrupulous observance of the statutory requirement, its disregard does not vitiate the decree. Lawrence v. St. L.-S. F. Ry., 274 U. S. 588, 591, 47 S. Ct. 720, 71 L. Ed. 1219.

The broad language of the decree makes it necessary to refer to the record to ascertain what was in issue and determined. Vicksburg v. Henson, 231 U. S. 259, 268, 269, 34 S. Ct. 95, 58 L. Ed. 209; Sailors' Union v. Hammond Lumber Co. (C. C. A. 9) 156 F. 450, 454, certiorari denied 208 U. S. 615, 28 S. Ct. 567, 52 L. Ed. 646. The pleadings, findings of fact, opinion of the court, or other parts of the record may be resorted to where necessary to construe or interpret the decree, or to ascertain what matters were in fact determined thereby. Oklahoma v. Texas, 256 U. S. 70, 88, 41 S. Ct. 420, 65 L. Ed. 831; Nat. Foundry v. Oconto Water Supply Co., 183 U. S. 216, 234, 22 S. Ct. 111, 46 L. Ed. 157; Great Northern Ry. Co. v. General Railway Signal Co. (C. C. A. 8) 57 F.(2d) 457, 461; Fagin v. Quinn (C. C. A. 5) 24 F.(2d) 42, certiorari denied 277 U. S. 606, 48 S. Ct. 602, 72 L. Ed. 1012; Armstrong v. De Forest Radio Tel. & Teleg. Co. (C. C. A. 2) 10 F.(2d) 727, certiorari denied 270 U. S. 663, 46 S. Ct. 471, 70 L. Ed. 787; National Brake & Electric Co. v. Christensen (C. C. A. 7) 278 F. 490, 497; D'Arcy v. Staples & Hanford Co. (C. C. A. 6) 161 F. 733, 737. Findings of fact "are a declaration by the court of the matter it determines. Even if not conclusive as against all testimony, they are certainly very persuasive evidence of what the court did in fact decide." Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 690, 15 S. Ct. 733, 736, 39 L. Ed. 859. The findings of fact are not incorporated in the present decree.

But findings of fact are not part of a decree. Equity Rule 71 (28 USCA § 723) provides that neither the pleadings, report of the master, nor any prior proceeding, shall be recited in the decree; that the decree should contain only what the court decrees to be done or not to be done. The decree need only "point out with precision what is to be done, when, where and by whom and to or from whom." Street Fed. Eq. § 1955; Elliott Addressing Mch. Co. v. Addressing Typewriter Stencil Corp. (C. C. A. 2) 31 F.(2d) 282; Linde Air Products Co. v. Morse Dry Dock & Repair Co. (C. C. A. 2) 246 F. 834, 836. "Findings of fact have no place in a decree in a national court. Rule 71 of the present Equity Rules (33 Sup. Ct. XXXVIII), a re-enactment of rule 86 of the former Equity Rules, promulgated March 2, 1842, prescribed the form for decrees, and although it does not in express terms prohibit the inclusion of findings of fact in the decree, it does so by necessary implication. Only, if it is necessary to make the decree more clear and specific, is it proper to include findings of fact in the decree.

Putnam v. Day, 89 U. S. (22 Wall.) 60, 22 L. Ed. 764; McClaskey v. Barr (C. C.) 48 F. 130." United States v. Goldstein (C. C. A. 8) 271 F. 838, 844. That the decree in the present case is general in terms does not change the rule; with a decree like this, resort to findings or other parts of the record is imperative to discover what was decided; that such is the case does not, however, make the findings a part of the decree. We conclude that the action of the court in correcting a finding cannot be treated as an amendment of its decree; particularly is this true where the correction did not change the finding that the modified device infringed, but only corrected its record identification.

 If, however, the informal application of September 2d be treated as a petition for rehearing, or if the correction of the finding be treated as an amendment of the decree, appellant is then confronted with the fact that no appeal was petitioned for nor allowed after the court passed on the petition for rehearing and amended its decree. The only appeal taken was the one of September 8th, which was an appeal from the decree of August 8th. An appeal in fact seasonably taken is not vitiated because it was erroneously dated. O'Dowd v. Russell, 14 Wall. 402, 20 L. Ed. 857; Glenn v. Liggett, 135 U. S. 533, 10 S. Ct. 867, 34 L. Ed. 262; but an appeal in fact taken on September 8th, from a decree of August 8th, cannot operate as an appeal from an amended decree entered on September 10th. In Voorhees v. Noye Manufacturing Co., 151 U. S. 135, 137, 14 S. Ct. 295, 38 L. Ed. 101, a final decree was entered January 7, 1891, and an appeal therefrom allowed the same day; a motion for rehearing was filed January 10, 1891, and denied February 17, 1892. It was held that the taking of a new appeal became necessary upon the denial of the rehearing, the court saying:

"The appeal was allowed January 7, 1891, but the decree did not take final effect as of that date for the purposes of an appeal, nor until February 17, 1892, because the application for rehearing was entertained by the court, filed within the time granted for that purpose, and not disposed of until then. Aspen Mining, etc., Co. v. Billings, 150 U. S. 31, 14 S. Ct. 4 [37 L. Ed. 986]."

In Kingman & Co. v. Western Mfg. Co., 170 U. S. 675, 680, 18 S. Ct. 786, 788, 42 L. Ed. 1192, the court held:

"But the court below while such a motion is pending has not lost its jurisdiction over the case, and, having power to grant the motion, the judgment is not final for the purpose of taking out the writ. * * * The question before us is merely whether a judgment is final so that the jurisdiction of the appellate court may be invoked while it is still under the control of the trial court through the pendency of a motion for new trial. We do not think it is, and are of opinion that the limitation did not commence to run in this case until the motion for new trial was overruled."

It follows that the appeal must be dismissed. If the records and briefs now on file are of service in event of an appeal from the decree on the accounting, they may be referred to without incurring the expense of reprinting.

Appeal dismissed.