# PENNSYLVANIA RAILROAD COMPANY *v.* OLIVIT BROTHERS.

## ERROR TO THE SUPREME COURT OF THE STATE OF NEW JERSEY.

No. 577. Argued April 9, 10, 1917.—Decided April 30, 1917.

In an action against an interstate carrier for damage to goods shipped on a through bill of lading, the questions, (1) whether under the Carmack Amendment the lawful holder of the bill of lading may sue without proving ownership of the goods, (2) whether in view of stipulations in the bill of lading limiting liability there was evidence of negligence upon the part of the carrier sufficient to go to the jury, and (3) whether a recovery of freight paid the carrier by the shipper

was allowable,—are questions which this court may review in a case coming from a state court.

Under the Carmack Amendment the lawful holder of the bill of lading may sue the carrier for loss or damage to the goods without proving ownership of the goods; § 8 of the Interstate Commerce Act, 24 Stat. 382, in providing generally for liability of the carrier to "the person or persons injured" is not in conflict with this specific meaning of the amendment.

In an action against a carrier for damage to goods caused by delay in forwarding and delivery, where the carrier proves a strike and resulting congestion of traffic which, under the bill of lading, exempts it from liability if due care was observed to meet the situation, a refusal of the court to charge that the burden is on plaintiff to prove that such care was not exercised is at most harmless error when followed by instructions properly explaining that the carrier is not responsible for delay resulting from the strike, nor liable if not negligent in forwarding and delivering the goods, that such negligence is not presumed, and that the burden of proving it is on the plaintiff.

Where a carrier defended upon the ground that delay in forwarding and delivering goods was due to proven conditions of traffic beyond its control due to a strike, evidence that the goods were received for shipment after the strike was over and that the delay was caused by preferring other goods in delivery, *Held,* sufficient evidence of negligence to go to the jury.

When carrier and shipper agree that the basis for measuring damages for loss or damage to goods shall be their value at place and time of shipment, the amount of freight paid upon delivery may be added to the depreciation of such value caused by the carrier's default.

Allowing the shipper to recover the freight paid is not objectionable as a rebate, preference or discrimination, where there is no attempt to evade the Interstate Commerce Act.

Where goods are brought to destination in a damaged condition and sold at less than their value at shipment, the carrier is liable to refund freight paid if the damage resulted from its negligence.

88 N. J. L. 376, affirmed.

THE case is stated in the opinion.

*Mr. Frederic D. McKenney,* with whom *Mr. Albert C. Wall, Mr. John A. Hartpence* and *Mr. John Spalding Flannery* were on the briefs, for plaintiff in error:

The case is governed by the Act to Regulate Commerce,

with amendments. The rights and immunities, duties and obligations of the parties, are therefore determined by federal law. *St. Louis &c. Ry. Co.* v. *McWhirter*, 229 U. S. 265, 274–277; *Norfolk Southern R. R. Co.* v. *Ferebee*, 238 U. S. 269–273; *Southern Ry. Co.* v. *Prescott*, 240 U. S. 632; *Cincinnati &c. Ry. Co.* v. *Rankin*, 241 U. S. 319.

The right to sue follows the title to the goods. *Klesea* v. *Mfg. Co.*, 55 N. J. L. 320, 323; 3 Hutchinson on Carriers, 3d ed., §§ 1304, 1305, 1315, 1316; 6 Thomp. on Negligence, 2d ed., 1905, § 7422, p. 461; 4 Elliott on Railroads, 2d ed., § 1692, p. 755; *Levy* v. *Weir*, 77 N. Y. Supp. 917.

Under § 8 of the Act to Regulate Commerce it is to the person "injured" that the carrier is liable. This can only mean the owner, and the expression "lawful holder" in the Carmack Amendment should be interpreted accordingly.

The trial court erred as to the burden of proof.

There was no evidence of negligence to submit to the jury. The issue was confined to neglect in transporting the goods. This eliminates any inference of negligence from receipt of the goods after the strike was over. It was the right and indeed the duty of defendant to deliver the more perishable freight, peaches, as well as the watermelons. 2 Hutchinson on Carriers, 3d ed., § 649.

After the defendant had proved the excepted cause in the bill of lading as the proximate cause of the delay, the burden was on the plaintiff to show negligence of the defendant in the handling under that excepted cause, or that the damage could have been averted, notwithstanding the existence of the excepted cause, by the use of reasonable skill and diligence. *Clark* v. *Barnwell*, 12 How. 272; *Cau* v. *Texas & Pacific Ry. Co.*, 194 U. S. 427; *Southern Ry. Co.* v. *Prescott*, 240 U. S. 632; *Michaels* v. *Adams Express Co.*, 71 N. J. L. 41; *Transportation Co.* v. *Downer*, 11 Wall. 130; *The Glenlochy*, 226 Fed. Rep. 971, 972. In *New Orleans & Northeastern R. R. Co.* v. *National Rice Milling*

Co., 234 U. S. 80, there was a distinct finding of negligence by the state court based on evidence.

Mr. *Edward P. Stout*, with whom Mr. *George S. Hobart* was on the briefs, for defendant in error:

There is no federal question. As to proof of ownership the Carmack Amendment is decisive. As to negligence, the verdict supported by the decision of the state Supreme Court is a conclusive finding of fact binding on this court. *Baltimore & Ohio R. R. Co.* v. *Whitacre*, 242 U. S. 169; *Baugham* v. *New York, Phila. & Norfolk R. R. Co.*, 241 U. S. 237; *Seaboard Air Line Ry.* v. *Renn*, 241 U. S. 290; *Great Northern Ry. Co.* v. *Knapp*, 240 U. S. 464; *New Orleans & Northeastern R. R. Co.* v. *National Rice Milling Co.*, 234 U. S. 80, and other cases.

The contrary cases cited by defendant involve construction of federal law, infringement of federal right by a rule of practice, etc. As to plaintiff's right to sue as lawful holder of the bills of lading, see *Adams Express Co.* v. *Croninger*, 226 U. S. 491, 506; *Kansas City Southern Ry. Co.* v. *Carl*, 227 U. S. 639.

Section 8 of the Commerce Act creates liability for violations of that act; the Carmack Amendment creates liability for loss or damage to goods. The two things are distinct and § 8 has no application to this case. *Atlantic Coast Line R. R. Co.* v. *Riverside Mills*, 219 U. S. 186, 208.

There was no error as to burden of proof.

If there is any evidence of negligence which should have been submitted to the jury, it is immaterial whether the testimony came from the defendant's or the plaintiff's witnesses. *New Orleans & Northeastern R. R. Co.* v. *National Rice Milling Co.*, 234 U. S. 80, 86.

The strike was not the proximate cause of the plaintiff's damages.

When a carrier relies upon the excepted cause, either at common law or under contract, it must show, in order to

excuse itself, that the excepted cause is the sole and proximate cause of the injury. *New Brunswick Steamboat Co. v. Tiers,* 24 N. J. L. 697; *Reid v. Evansville &c. R. Co.,* 10 Ind. App. 385; *Merritt v. Earle,* 29 N. Y. 115; *King v. Shepard,* 3 Story (U. S.) 349, 14 Fed. Cas. No. 7804.

The negligence of the defendant was clearly established.

It is obvious from the acts and conduct of the defendant that it was for the jury to say whether the defendant performed the duty imposed upon it by law to deliver the watermelons within a reasonable time. *Carr v. D., L. & W. R. R. Co.,* 81 N. J. L. 532; *Burr v. Adams Express Co.,* 71 N. J. L. 263, 269.

It was the defendant's duty to inform the shippers that it would not deliver the watermelons within a reasonable time. Having failed to do this, it must answer for the consequences of the delay. *Helliwell v. Grand Trunk Ry. Co.,* 7 Fed. Rep. 68; *Tierney v. N. Y. C. & H. R. R. Co.,* 76 N. Y. 305; *Carr v. D., L. & W. R. R. Co.,* 81 N. J. L. 532.

Plaintiffs were entitled to recover the freight paid by them as a part of their damages. The true meaning of a stipulation in a bill of lading limiting the value of the property to the place and time of shipment is discussed in the following cases and the courts held that where the property was injured by the carrier the freight paid by the shipper should be recovered as part of the damages. *Pearse v. Quebec S. S. Co.,* 24 Fed. Rep. 285; *Brown v. Cunard S. S. Co.,* 147 Massachusetts, 58; *Pierce v. Southern Pacific Co.,* 120 California, 156; *Horner v. Missouri Pacific Ry. Co.,* 70 Mo. App. 285; *Kelly v. Southern Ry. Co.,* 84 S. Car. 252; *New York, Phila. & Norfolk R. R. Co. v. Peninsula Produce Exchange,* 240 U. S. 34.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is a consolidation of actions, each action expressed in a number of counts and each count praying for the re-

covery of the sum of $500 for a carload of watermelons received, as it is alleged, and accepted by the railroad company to be transported and delivered within a reasonable time to plaintiff at Jersey City, New Jersey, and that by reason of the failure so to transport and deliver a large number of the melons were wholly lost and the remainder delivered in a bad and damaged condition.

The car numbers are given, the places of receipt, all of which were in North Carolina, and the dates all between July 26 and August 2, 1912, both dates inclusive.

The answers of defendant denied the allegations of the complaint and set up besides the following defenses: If the property came into the hands of defendant for the purpose of transportation it did so as to each and every count of the complaint under the terms and conditions of a certain bill of lading issued to plaintiff by the initial carrier of the property pursuant to the provisions of the Interstate Commerce Act constituting an express agreement whereby the defendant was to be relieved from any and all liability for damage to the property resulting from delay in transportation and delivery if the delay was caused by (a) a strike or strikes among defendant's employees; (b) an accumulation of freight at any point; (c) or by any other cause or causes over which defendant had no control.

It is alleged that a strike did take place among defendant's employees and continued from July 9, 1912, to the twenty-first of that month, which strike was the cause of the alleged delay; also that an accumulation of freight did occur at Jersey City which continued from July 9 to August 15 and beyond.

It is further alleged as a defense that no claim for the loss or damage to the property was made in writing, as required by the respective bills of lading, of defendant at the point of delivery of the property within ten days after its delivery, or after due time for its delivery to plaintiff,

though it was agreed between plaintiff and defendant that such claim should be made at the time, place and in the manner mentioned.

Nor was there any claim for such loss or damage made in writing to defendant at the point of delivery or point of origin within four months after the delivery of the property or after a reasonable time for delivery, though it was expressly agreed that such claim should be made at the time, place and in the manner mentioned and if not so made defendant should not be liable.

It will be observed, therefore, that the basis of the action is that certain carloads of watermelons were received for shipment by defendant at certain places in North Carolina for transportation to and delivery at Jersey City, New Jersey, and that defendant failed to transport and deliver the same within a reasonable time, in consequence of which a large number of the melons were lost and the others delivered in a bad condition.

In point of fact the melons were not delivered to defendant in North Carolina but in such State to a carrier with which defendant had connections and were delivered to defendant at Edgemoor, Delaware, to be transported from there to Jersey City, and were so transported.

The melons were transported on through bills of lading issued by the initial carrier, which contained the stipulations upon which the defenses are based, to-wit: (1) That the delay in transportation and delivery was caused by a strike accompanied by demonstrations of violence over which defendant had no control and against which it could not contend; (2) that there was a congestion of freight due to causes beyond its control; and (3) that claims for damages were not made within the time required by the bills of lading—that is, within ten days in some cases, thirty days in others, and four months in others.

The ultimate basis of these defenses is the Carmack

Amendment to the Interstate Commerce Act. What this amendment requires of shipper and carrier becomes the question in the case.

The case involves, as we have said, a number of actions tried together and submitted to one jury. Plaintiff was plaintiff in all of them and obtained judgment which was affirmed by the Court of Errors and Appeals on the authority of another case of like kind.

There was a stipulation which concentrated the issues and removed from controversy the amounts involved. For instance, as to the latter it was stipulated that the value of the melons at the time and place of shipment was $13,465.00 and that they were sold at the place of delivery for $8,895.00, being the best price which could be obtained for them owing to their damaged condition. And it was further stipulated that the freight charges paid by plaintiff amounted to the sum of $5,484.59.

As to the other elements it was stipulated that the melons were received and accepted by defendant at Edgemoor, Delaware, for transportation to Jersey City, New Jersey, in accordance with the bills of lading; that the usual and customary time for transportation was about seven hours under the most favorable circumstances; that plaintiff was at the time of bringing the actions and is now the lawful holder of the bills of lading; that the melons were received at Edgemoor by defendant in apparently good order but were in a damaged condition when delivered to plaintiff at defendant's delivery yard at Jersey City, and that claims for damages were duly made in writing as required by the bills of lading.

The cases are designated as the "64-count case," the "13-count case," and the "11-count case." All of the bills of lading in the "64-count case," one in the "13-count case" and four in the "11-count case" contain a provision exempting the carrier from liability for loss or damage resulting "from riots or strikes." Twelve of the

bills of lading in the "13-count case" and seven in the "11-count case" provide that the carriers should "not be liable for any injury to, or decay of, fruits and vegetables, or other perishable freight, due to detention or delay occasioned by an accumulation of freight at any point . . . or to any other causes over which the carriers have no control." And there is difference in times of demands.

A motion is made to dismiss on the ground that no federal question appears in the record or, alternatively, if one appears, it is without merit. In support of the contentions it is said the questions in the case are: (1) Whether, it being stipulated that plaintiff was the holder of the bills of lading, it was the owner of the melons at the time the shipments were made; (2) whether there was any evidence of negligence of defendant which should have been submitted to the jury, and (3) whether plaintiff was entitled to recover the freight paid by it.

The first question involves the Carmack Amendment and, considering it, the Court of Errors and Appeals decided that "any lawful holder of a bill of lading issued by the initial carrier pursuant to the Carmack Amendment . . . upon receiving property for interstate transportation, may maintain an action for any loss, damage or injury to such property caused by any connecting carrier to whom the goods are delivered." Citing *Adams Express Co.* v. *Croninger*, 226 U. S. 491.

We are not prepared to say that a contest of this view is frivolous, and the motion to dismiss is denied. Besides, it is contended that the shipments having been in interstate commerce they are subject to and governed by the Interstate Commerce Act.

Coming to the merits of the question, however, we concur with the Court of Errors and Appeals in its construction of the Carmack Amendment. It provides: "That any common carrier . . . receiving property for transportation from a point in one State to a point in

another State shall issue a receipt or bill of lading therefor and shall be liable to the *lawful holder* [italics ours] thereof for any loss, damage, or injury to such property caused by it. . . ."

The crucial words are "lawful holder." Defendant contends that they mean "the owner or some one shown to be duly authorized to act for him in a way that would render any judgment recovered in such an action against the carrier *res adjudicata* in any other action." And § 8 of the Interstate Commerce Act is referred to as fortifying such view. It provides that "such common carrier shall be liable to the person or persons injured" in consequence of any violations of the act.[1]

To accept this view would make § 8 contradict the Carmack Amendment (§ 20), it having only a general purpose, whereas the purpose of the amendment is special and definitely expresses the lawful holder of the bill of lading to be the person to whom the carrier shall be liable "for any loss, damage, or injury" to property caused by it. *Adams Express Co.* v. *Croninger,* 226 U. S. 491.

The next contention of defendant is that there was error in applying the burden of proof upon the motion to direct a verdict for defendant.

The grounds of the contention urged at the trial and now repeated are that by certain of the bills of lading the carrier is relieved from liability in case of a strike, by certain others in case of delays occasioned by causes beyond

---

[1] "Sec. 8. That in case any common carrier subject to the provisions of this act shall do, cause to be done, or permit to be done any act, matter, or thing in this act prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this act required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this act, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case." 24 Stat. 382.

its control, and by others in case of an accumulation of freight proved to be a matter beyond the control of the carrier. And these causes having been proved, it is contended the carriers were brought within the protection of the stipulation and it became incumbent upon plaintiff to show that defendant in one way or another failed "to handle the situation at that time in a way which was free from negligence." It was and is contended that the whole issue was shifted "from the general allegation of negligence to the allegation that the injury was caused because the defendant failed to perform the duty which it was obliged to perform under the law." Counsel concede that the whole question was whether when the proof was that "there was the excepting cause," defendant did what it "should have done to meet the situation," and the burden was upon the plaintiff to show that the carrier did not do what it "ought to have done."

The court rejected the contention. It replied that merely proving an accumulation of freight or a strike did not shift the burden of proof, but that to complete its defense the carrier must show that the strike or the accumulation of freight caused the delay in executing its contract to deliver the property.

If we should grant that the ruling was technically erroneous its effect in the case can hardly be estimated in view of the instructions of the court to the jury entirely considered. They are too long to quote, but we may say of them that they were very carefully expressed to give the jury the elements of decision.

The court told the jury that defendant had proved a cause beyond its control, that is, a strike, and at the request of defendant further instructed that if no negligence on the defendant's part was shown defendant was not liable and that the burden of proving such negligence was upon the plaintiff. A like instruction was given as to any cause beyond defendant's control, including an

accumulation of freight, if reasonable care was exercised by defendant to relieve the situation, that negligence was not to be presumed but must be affirmatively proved and that the burden of proving it was upon plaintiff. "The question is," the court said, "whether or not, in the light of what occurred over there, the defendant in this case has been shown by the greater weight of the evidence to have been negligent in the forwarding and the delivery of this freight. If it has been, why these plaintiffs are entitled to recover and to have you assess their damages, unless some of these other defenses have been made out by the greater weight of the evidence. If the defendant has not been shown to have been negligent in the particular indicated, why then manifestly the defendant is not responsible and the verdict in all the cases where these rules apply would have to be for the defendant."

Defendant, however, contended that there was not sufficient evidence of negligence to justify the submission of the case to the jury. Counsel, in attempted support of the contention, select certain elements in the case, ignoring others and their probative value. That is, counsel ignore the fact of which there was evidence that the melons were received for shipment after the strike was over, and the fact of which there was evidence that the delay in delivery was caused by the use by defendant of tracks where melons were usually delivered for the delivery of peaches usually delivered elsewhere, to the exclusion of melons, which were placed in storage tracks at the "meadows."

The fourth contention is that plaintiff should not recover as part of its damages the freight paid upon delivery at destination.

The contention is rested upon the prohibition of the Interstate Commerce Act against deviation from the filed tariffs and schedules and against rebates and undue preferences and discriminations. It is not asserted in the

present case that there was an evasion of the statute or an attempt to evade but that the possibility of such result makes the recovery of freight illegal. It is urged, besides, that the melons were carried to destination and were there sold by plaintiff or on its account and that freight thereby accrued and was properly paid. For which 2 Hutchinson on Carriers, 3d ed., § 802, is cited. But the cited authority shows that to be the rule when the loss or damage results from no fault or negligence of the carrier. And, besides, to the contentions the plaintiff opposes the terms of the bills of lading, they providing that the amount of loss or damage for which a carrier is liable "shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment. . . ."

Some of the bills of lading do not contain this provision, but it was agreed at the trial that the proper measure of damages was to be computed upon the basis of the value of the property at the place and time of shipment and that such measure should be read into all of the bills of lading. As plaintiff further says, to recover the damages sustained by it based upon this value, plaintiff must receive from defendant the difference between this value and the proceeds of the sale, and the freight paid. In this we concur, and therefore there was no error in including in the recovery such freight. *Shea* v. *Minneapolis, St. Paul & Sault Ste. Marie Ry. Co.*, 63 Minnesota, 228; *Davis* v. *New York, Ontario & Western Ry. Co.*, 70 Minnesota, 37, 44; *Horner* v. *Missouri Pacific Ry. Co.*, 70 Mo. App. 285, 294; *Tibbits & Son* v. *Rock Island & Peoria Ry. Co.*, 49 Ill. App. Reps. 567, 572. The plaintiff was no more than made whole.

*Affirmed.*