MICHAEL TERRANOVA, Respondent, *v.* SOUTHERN PACIFIC COMPANY, Appellant.

Third Department, June 19, 1923.

Carriers — action against initial carrier to recover for damage to grapes in transit shipped in interstate commerce on straight bill of lading — grapes sold and bill of lading transferred to plaintiff while grapes were in transit — plaintiff not required to show that damage occurred while goods were in possession of defendant — defendant liable under First Cummins Amendment to Interstate Commerce Act and Federal Bills of Lading Act, § 32, though goods were transferred to plaintiff after damage occurred, notwithstanding conditions to contrary in bill of lading and diversion of goods in transit.

The initial carrier of a carload of grapes shipped in interstate commerce on a straight bill of lading is liable to the plaintiff, who purchased the grapes while in transit and to whom the bill of lading was transferred, for damage to the grapes in transit, under the First Cummins Amendment to the Interstate Commerce Act and section 32 of the Federal Bills of Lading Act, notwithstanding conditions to the contrary in the bill of lading, though the shipment was diverted after reaching the original point of destination and it is not shown that the damage occurred while the grapes were in possession of the initial carrier and though the damage occurred prior to the sale to the plaintiff.

APPEAL by the defendant, Southern Pacific Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 12th day of June, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of July, 1922, denying defendant's motion for a new trial made upon the minutes.

Pursuant to section 618 of the Civil Practice Act the appeal was transferred on March 14, 1923, to this department from the Fourth Department. (See 206 App. Div. 651.)

*Hiscock, Doheny, Williams & Cowie* [*James S. Thorn* of counsel], for the appellant.

*Chapman, Newell & Crane* [*Harry E. Newell* of counsel], for the respondent.

Van Kirk, J.:

A carload of grapes was shipped by the Western Fruit Company from Florin, Cal., to the California Grape Company at Chicago, Ill., on a straight (not order) bill of lading, dated October 24, 1920. The consignee, a wholesaler, sold the grapes to the plaintiff and transferred to him the bill of lading at about the time the car reached Chicago and while the grapes were in transit. Of this transfer the carrier was duly notified and on or about August 29, 1920, a diversion order was made as follows: " Consignee and destination changed to read Cal. Grape Co. advise Michel Terranova, City Syracuse, State N. Y., Route via N. Y. C." The car reached Syracuse November 10, 1920, being in transit seventeen days. A reasonable time under the conditions existing for delivery of the car at destination was twelve to fourteen days. The grapes, which were in good condition when shipped, were in bad condition when they reached Syracuse. The boxes were smashed, the braces or staves placed to hold the boxes in position were broken. The grapes were crushed, decayed and mouldy. The plaintiff received notice that the grapes had arrived and forthwith examined them and the car. He says there was little ice in the car, but another of plaintiff's witnesses says that the car was cold and of right temperature to preserve the grapes. There was no other proof of the temperature in the car between the time of shipment and its receipt in Syracuse. The grapes and car were in the exclusive possession, control and care of the initial carrier and its connecting lines during transit. The plaintiff filed with the railroad company a proper written notice of claim for damages. There is no dispute as to the amount of damage suffered.

The principal claim of the defendant is that it does not appear on the line of which railroad the damage was done to the grapes; that the plaintiff did not become the owner until about the time the car reached Chicago, and that this defendant would not be liable to the plaintiff for damage done before the sale to him.

Attached to the bill of lading under " Conditions " is this: " Sec. 1 The carrier or party in possession of any of the property

herein described shall be liable for any loss thereof or damage thereto, except as hereinafter provided." Those exceptions have no application to this case. And further in section 2 of the " Conditions " is this: " No carrier shall be liable for loss, damage or injury not occurring on its own road or its portion of the through route, nor after said property has been delivered to the next carrier except as such liability is or may be imposed by law, but nothing contained in this bill of lading shall be deemed to exempt the initial carrier from any loss or liability so imposed." The First Cummins Amendment to the Interstate Commerce Act (38 U. S. Stat. at Large, 1196, 1197, chap. 176, amdg. 24 id. 386, § 20, as amd. by 34 id. 593, 595, § 7, known as the Carmack Amendment) imposes liability as follows: " Any common carrier, railroad, or transportation company subject to the provisions of this Act receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed." The defendant is subject to the provisions of that act, and this statute imposes a liability by law upon it, the initial carrier, under such circumstances as appear in this case. The diversion of the shipment to a destination other than that named in the bill of lading as drawn is authorized and within the contract of the parties. (*Baltimore & Ohio Railroad Co.* v. *Montgomery & Co.*, 19 Ga. App. 29; 90 S. E. Rep. 740; *Pennsylvania Railroad Company* v. *Olivit Bros.*, 243 U. S. 574.) The plaintiff in this action was the lawful holder of this straight bill of lading. (Federal Bills of Lading Act [39 U. S. Stat. at Large, 543], § 32.)

The evidence in the case justified the finding of the jury in favor of the plaintiff. The judgment should, therefore, be affirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HASBROUCK, JJ.

Judgment and order unanimously affirmed, with costs.