DAVIS, Presidential Agent, v. LIVINGSTON.

(Circuit Court of Appeals, Ninth Circuit. June 14, 1926.)

No. 4719.

1. New trial ⬅➡109.

Notice of intention to move for new trial, conforming to Code Civ. Proc. Cal. § 659, is in substance and effect a motion for new trial.

2. Appeal and error ⬅➡345(1).

Where motion for new trial has been entertained by the court, the time limited for writ of error runs from the time the motion is acted upon.

3. Carriers ⬅➡76.

Under the Carmack Amendment (Comp. St. § 8604a), the "lawful holder" of a bill of lading is made the representative of the real parties in interest, and may recover from the carrier for any loss or damage to the property in transit.

4. Evidence ⬅➡357—Letters showing that merchandise ordered for Christmas trade did not arrive in time therefor held admissible in action against carrier for delay.

In action on behalf of wholesalers against railroad for damages for delay in delivery of shipment of raisins ordered for Christmas trade, letters written by retail customers to plaintiff, canceling orders because of their nonarrival in time for that trade, held admissible.

5. Witnesses ⬅➡414(1)—Sales sheets held admissible as corroborative of testimony of plaintiff testifying from knowledge derived from other sources concerning general market conditions and decline in market price, in action against carrier for delay.

In action on behalf of wholesalers against railroad for damages for delay in delivery of shipment of raisins ordered for Christmas trade, sale sheets of plaintiff, showing sales week before Christmas, held admissible, as corroborative of testimony of plaintiff, who testified from his knowledge derived from sources other than such sheets, concerning general market conditions and decline in market price.

In Error to the District Court of the United States for the Northern Division of the Southern District of California; William P. James, Judge.

Action at law by Sadie C. Livingston, executrix under the will of A. Livingston, deceased, against James C. Davis, Presidential Agent (Texas & Pacific Railway Company). Judgment for plaintiff, and defendant brings error. Affirmed.

On November 8, 1919, the California Associated Raisin Company shipped a carload of raisins from Armona, Cal., to Montgomery, Ala. The raisin company was both the consignor and the consignee of the goods. A bill of lading was sent with a draft attached, representing the purchase price of the raisins, to be delivered to A. Livingston, a

broker, upon payment of the draft. The purchasers consisted of eight wholesale merchants in Montgomery. The car should have arrived on December 15, 1919, but it was delayed in transit and did not arrive until December 24, too late for the Christmas trade of that year. It was unloaded on December 26. The bill of lading was negotiated by indorsement to Livingston prior to the arrival of the raisins, and he had taken up the draft and had been paid by the merchants for the raisins.

An action was brought by Livingston against the plaintiff in error to recover the difference between the market value of the raisins when delivered and their value at the time when they should have been delivered, the complaint charging negligence in the transportation. A jury trial was waived and the cause was tried to the court. The court made the finding of fact that the market value of the raisins in Montgomery, Ala., on the date when they should have arrived, was $12,416.24; that the value of the undamaged portion of the raisins on their arrival was $8,045.34; that the plaintiff received as salvage on damaged raisins $125, leaving a net loss of $4,245.90. As a conclusion of law the court held that the plaintiff was entitled to judgment for that sum, together with interest thereon, amounting in all to $5,507.24. Judgment was rendered accordingly.

L. L. Cory, of Fresno, Cal., for plaintiff in error.

Harris, Johnson, Willey & Griffith and Newton A. Johnson, all of Fresno, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The defendant in error moves to strike out the bill of exceptions and to dismiss the writ of error. The case, a law action, was tried before the judge on written stipulation waiving a jury, and on April 22, 1924, judgment was rendered in favor of the defendant in error. On April 29, 1924, the plaintiff in error served and filed a notice of his intention to move for a new trial. On the the same day the attorneys for the respective parties filed a stipulation that the motion for a new trial might be heard and determined in Los Angeles before the court at a time satisfactory to the court, and that pending the hearing and determination thereof "the defendant be and is hereby granted a stay of execution upon the judgment herein," and that in case of the denial of the motion

the defendant be granted 10 days thereafter to file his proposed draft of bill of exceptions. Indorsed upon the stipulation were the words, "It is so ordered," and below the same was the signature of the judge.

Nothing further was done in the case until March 16, 1925, when the matter came on to be heard upon the notice of intention to move for a new trial. The trial court was of the opinion that inasmuch as the defendant had taken no steps toward making his motion and was not engaged during any of the intermediate time in preparing any record upon which to base such a motion, the court was without power, notwithstanding the terms of the stipulation referred to, to set aside the judgment or to consider the motion for a new trial, and ordered that the same be dismissed. On April 27, 1925, the plaintiff in error served ed his proposed bill of exceptions. On September 1, 1925, the court below signed an order settling and allowing the bill of exceptions, in order to afford the plaintiff in error an opportunity to review the question whether the filing merely of the notice of intention can have the effect to keep alive the right of the defendant to perfect an appeal, after permitting nearly two terms of court to expire before proceeding to present a motion for a new trial. The defendant in error duly excepted to the order allowing the bill of exceptions.

The notice of intention to move for a new trial was filed in pursuance of section 659 of the Code of Civil Procedure of California, which provides that the party intending to move for a new trial must, within 10 days after receiving notice of judgment, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial, "designating the grounds" upon which the motion will be made, and whether the same will be upon affidavits or minutes of the court. The notice of intention which was filed here specified the grounds to be insufficiency of the evidence and errors in law occurring at the trial duly excepted to, and stated that said motion would be made upon the minutes of the court. Rule 50 of the court below provides: "The practice on motions for new trial and settlement of bills of exceptions shall conform to the requirements of the Code of Civil Procedure of California respecting the same subjects, except as provided by United States Statutes."

[1, 2] We think the case comes within the rule, announced in Kingman v. Western Mfg. Co., 170 U. S. 675, 18 S. Ct. 786, 42 L. Ed. 1192, "that if a motion or a petition for rehearing is made or presented in season and

entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of." The notice of intention to move for a new trial was in substance and effect a motion for a new trial. It contained all the essential features of such a motion. Such a notice has been regarded as a motion by the state courts of California. Taylor v. Northern Electric Co., 26 Cal. App. 765, 148 P. 543; Boin v. Spreckels Sugar Co., 155 Cal. 612, 102 P. 937. The order of the court below indorsed upon the stipulation was sufficient to show that the notice of intention was entertained by the court as the initiation of a proceeding for a new trial. Camden Iron Works v. Sater, 223 F. 611, 139 C. C. A. 157; O. J. Moore Grocer Co. v. Pacific Rice Mills (C. C. A.) 296 F. 828; Greyerbiehl v. Hughes Electric Co. (C. C. A.) 294 F. 802; Montgomery Ward & Co. v. Banque Belge pour l'Etranger (C. C. A.) 298 F. 446. The motion is denied.

[3] The plaintiff in error contends that the gist of the action is the damages suffered by Livingston while he was the owner of the bill of lading, and that there was not only no evidence that he suffered any damage, but that the fact was that upon the arrival of the car he received from the merchants to whom he had previously sold the raisins payment in full therefor at the agreed price. The contention is answered by the clause in the Carmack Amendment (Comp. St. § 8604a) which provides that any common carrier, receiving property for transportation from a point in one state to a point in another, shall issue a bill of lading therefor, "and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or any common carrier * * * to which such property may be delivered," etc. In Pennsylvania R. R. Co. v. Olivit Bros., 243 U. S. 574, 37 S. Ct. 468, 61 L. Ed. 908, the court held that the lawful holder of the bill of lading may sue the carrier for loss or damage without proving ownership of the goods.

Answering the contention that the words "lawful holder" must mean the owner or some one shown to be duly authorized to act for him in a way that would render any judgment recovered in such action res adjudicata in any other action, the court said: "The purpose of the amendment is special, and definitely expresses the lawful holder of the bill of lading to be the person to whom the carrier shall be liable"—citing Adams Express Co. v. Croninger, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257. In brief,

the Carmack Amendment makes the holder of the bill of lading the representative of the real parties in interest in a case such as this, where they are the persons who have suffered "loss, damage or injury" from the carrier's negligence.

[4, 5] Error is assigned to the admission in evidence of certain letters written by retail grocers to one of the firms in Montgomery to whom a portion of the consigned raisins was sold. The purport of the letters was that the writers desired to cancel orders which they had made for raisins, for the reason that they were not available for the Christmas trade. The letters were admitted in evidence for their value, as tending to show the general market conditions, and as corroborative of testimony that the market price had declined. For that purpose we think the letters were clearly competent. The same may be said of the admission of the sales sheets of one of the wholesalers, showing sales between December 15 and December 20, 1919. Such evidence was admissible as corroborative of the testimony of wholesalers concerning the general market conditions, and the decline in the market price, who testified from a knowledge derived from sources other than these sales sheets. Kamm v. Rees, 177 F. 14, 24, 100 C. C. A. 432.

We find no error. The judgment is affirmed.