## ST. LOUIS, B. & M. RAILWAY CO. v. FARRIER.

### No. 11218.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 18, 1942.

John C. North, of Corpus Christi, for appellant.

Ward & Brown, of Corpus Christi, for appellee.

NORVELL, Justice.

This is an action for damages to two carloads of onions sustained while in transit from Edroy, Texas, to Des Moines, Iowa (first car), and Minneapolis, Minnesota (second car). The orginial action was filed by W. G. Farrier; however, prior to trial, upon suggestion of death of the original plaintiff, R. E. Moore, independent executor of the estate of W. G. Farrier, was substituted as plaintiff. A trial to a jury resulted in judgment in favor of the substituted plaintiff, and Guy A. Thompson, trustee for the carrier, St. Louis, Brownsville and Mexico Railway Company, defendant below, has appealed.

■ Appellant's first point is overruled. The two cars involved were shipped in interstate commerce. The bills of lading were issued to W. G. Farrier. As the lawful holder of the bills of lading he was entitled to bring this action. Pennsylvania R. Co. v. Olivit Bros. 243 U.S. 574, 37 S.Ct. 468, 61 L.Ed. 908.

By its second point appellant contends that the trial court erred in refusing to submit certain requested special issues.

The trial court submitted three special issues with reference to each car involved, i. e., (1) Do you find from a preponderance of the evidence in this case that the onion plants in car No. A. R. T. 62169 (No. ART 22988) were delivered at destination in a slimy condition? (2) What amount of money, if any, do you find from a preponderance of the evidence, if paid March 26, 1938, will compensate plaintiff for the damages sustained, if any, by reason of the delivery of said onion plants in a slimy condition, if you have found they were so delivered? (3) Do you find from a preponderance of the evidence that by the use of ordinary care defendant, acting under instructions given by plaintiff, could have transported said onions in car No. ART 62169 (No. ART 22988) without damage to Des Moines, Iowa (Minneapolis, Minnesota)?

The jury answered all issues submitted in the affirmative except those calling for sums of money, which it answered in dollars and cents.

The evidence shows that the onion plants were shipped under the provisions of "Rule 240," that is, the ice bunkers of the refrigerator cars were to be filled at the first icing station, plugs put in and vents closed and the car moved to destination without

additional icing. The carrier did provide for an additional service, known as "Standard Refrigeration" whereby the railroad undertook to keep the bunkers of the car filled with ice to at least three-fourths capacity throughout the trip from the shipping point to destination. Under standard refrigeration the car would be re-iced while en route, vents and plugs would remain open, except when freezing weather was encountered. Standard refrigeration was more expensive than that called for under Rule 240.

Appellant requested the court to submit the following issues:

(1) Do you find from a preponderance of the evidence that the type of refrigeration service ordered by the shipper, or his agent, was insufficient to prevent deterioration of and damage to the onion plants in question during the course of transportation?

(2) Do you find from a preponderance of the evidence that a method or type of refrigeration service could have been ordered by the shipper, or his agent, which would have protected the onion plants during transportation?

(3) Do you find that the failure of plaintiff, or his agent, to order the type of refrigeration service which would have protected the onion plants from deterioration and damage during transportation was a proximate cause of the deterioration of and damage to said plants?

In connection with these requests, a definition of "proximate cause" was suggested.

We express no opinion as to the validity vel non of appellant's theory of defenses as disclosed by its requested special issues. Under the view we take of the case it is unnecessary for us to do so.

 It is readily apparent that answers to appellant's requested special issues favorable to appellant would conflict with the jury's answers to the issues submitted by the court inquiring as to whether or not the carrier, by the use of ordinary care and under the instructions given by Farrier, (in accordance with Rule 240) could have transported the cars to destination without damage to their contents.

The jury's answers therefore negatived appellant's theory of defense suggested by its requested issues. Appellant went to trial upon a general denial. Rule 279 has ap-

plication here and under its provisions it is clear that appellant was not entitled to an affirmative submission of its theory of defense in the absence of appropriate pleading. The trial court properly refused to submit appellant's requested issues. The second point is overruled.

Appellant's remaining points are briefed together. No reversible error is disclosed. We are of the opinion that the record fails to show an error necessitating a reversal of the judgment by reason of the argument of appellee's attorney in view of the court's instruction relative thereto.

The trial court's judgment is affirmed.