**AGRICULTURAL LANDS, Inc., v. PANHANDLE & S. F. RY. CO.**

No. 3047.

District Court, W. D. Missouri, W. D.

April 17, 1945.

Hale & Kincaid, of Columbus, Ohio, and Michaels, Blackmar, Newkirk, Eager & Swanson, of Kansas City, Mo., for plaintiff.

Cyrus Crane, John H. Lathrop, Winston H. Woodson, and Sam D. Parker, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The questions for decision on the above motion are, whether the complaint states a cause of action, and, if so, whether its averments are definite and fully advise the defendant of the nature of the claim.

In the complaint it is charged, after identifying the parties and their several residences, "* * * that on or about the first day of March, 1943, the defendant received from the agent of John Clay Livestock Commission Company, acting in behalf of the plaintiff * * *" certain livestock for shipment in interstate commerce. There is an averment that the cattle, when received by the defendant, "were in a sound and marketable condition, but when the same were delivered at London, Ohio and Columbus, Ohio, 165 head of said cattle were, by reason of the carriers' negligence, not delivered or not delivered in as good condition as they were in when received by the defendant, but were damaged as follows: * * *."

Subsequent averments detail the nature of the damage alleged to have accrued, and for which the plaintiff seeks judgment. The initial shipments began at Canadian, Texas, where, it is charged, the cattle were received by the defendant.

The basis for the motion to dismiss is "that the petition fails to show that plaintiff was the lawful holder of the bill of lading or what interest or title, if any, plaintiff had in the livestock at the time of the alleged injuries."

The motion for a more definite statement, or for a bill of particulars, asserts: "* * * that the above matters are not averred with sufficient definiteness or particularity to enable defendant to properly prepare its answer and defense to said petition for the reason that defendant is not apprized of plaintiff's claims in respect to the manner in which defendant is claimed to have been negligent."

○ 1. The defendant calls attention to Title 49 U.S.C.A. § 20(11), relating to the general subject of transportation. This paragraph undertakes to unify responsibility in cases of connecting carriers. It provides: "Any common carrier * * * receiving property for transportation from a point in one State * * * to a point in another State, * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States * * *."

The complaint asserts that the cattle mentioned therein were "owned by plaintiff." It is to be presumed that the plaintiff is "the lawful holder" of the receipt or bill of lading issued, as directed by the law, to the shipper. If, perchance, the bill of lading was issued to the agent acting for the commission company, or issued to the commission company, then, of course, it would be a simple matter for either of the agents to transfer the bill of lading to the plaintiff so as to make it the lawful holder. It is true that, under the express language of the statute and under the authorities, the right of action for damages to a shipment such as this would be in the lawful holder of the bill of lading. Pennsylvania R. Co. v. Olivit Bros., 243 U.S. 574, 37 S.Ct. 468, 61 L.Ed. 908; Adams Express Co. v. Croninger, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314, 44 L.R.A., N.S., 257. However, a bill of lading, even if not negotiable, may be transferred to a transferee who then becomes the lawful holder thereof. 13 C.J.S. Carriers, § 128, pp. 243, 245. Even in some cases a transfer is made by mere delivery of the bill of lading.

If the plaintiff, as it alleges, was the owner of the cattle shipped by its agents, and, if, by reason of the negligence of the defendant, whether on its line or those of connecting carriers, the cattle were injured, the plaintiff would be entitled to recover, conditioned, of course, that it is able to establish that it was the lawful holder of the bill of lading. Unquestionably, it could

show this by proving the agency of those who made the shipment and in whose name the bill of lading was drawn.

2. Although the defendant charges that the averments lack definiteness and particularity "to enable defendant to properly prepare its answer and defense," nevertheless the defendant already has answered. This would obviate the necessity of discussing the motion. However, bills of particular are no longer favorites of the law. The same might be said of motions for more definite statement. The information sought can be obtained under the several rules of discovery, and by such proceeding Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, can be maintained in accordance with the intention of the rule-makers. By paragraph (a) of Rule 8, it is provided that the complaint "shall contain * * *(2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *." Rule 12, relating to a more definite statement and for bill of particulars, should not be construed to repeal Rule 8. A citation of authorities is unnecessary. It is sufficient to say that they are numerous in support of the above suggestion.

It follows from the above that the motions to dismiss, and for a more definite statement, or for a bill of particulars, should be overruled.