### HIRSCH et al. v. TEMPLETON and four other cases.

Nos. 180–184.

United States District Court
E. D. Tennessee, Winchester Division.

Dec. 28, 1950.

Walter M. Haynes, Winchester, Tenn., Maurice F. Bishop, Birmingham, Ala., for plaintiffs.

Frazier, Roberts & Weill, Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

The defendant has filed motions under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A., in each of these cases for a more definite statement of plaintiffs' claims in relation to causes of action (called counts in the complaint) two, three and four of each of the complaints, these causes of action being substantially the same in each.

The first cause of action in each complaint is based upon a promissory note purporting to bear the defendant's signature. He is presumed to know the circumstances connected with the execution and delivery of the note; and this is in effect admitted by not including a complaint against the first cause of action in his motion.

Causes of action two, three and four seek recovery for the same amount as the first cause of action, and the dates shown therein for the alleged "stated accounts" and "money had and received" bear a definite relation to the date of the note, and the date of partial payments set out, evidencing different methods to procure the same remedy.

The complaint is sufficient to enable the defendant to prepare a responsive pleading; or in any event the provisions for discovery, Rules 26–30, 33–37, Federal Rules of Civil Procedure, 28 U.S.C.A., are available for any further information the defendant may desire. Bank of Nova Scotia v. San Miguel, D.C., 9 F.R.D. 171, 178; Agricultural Lands, Inc., v. Panhandle & S. F. Ry. Co., D.C., 60 F.Supp. 108.

The motions are overruled.

Order accordingly.