JANVIER, Judge.
The plaintiff, Equitable Fire & Marine Insurance Co., as subrogee of its insured, *588 Walker Saussy, brought this suit against Railway Express Agency, Inc., seeking judgment for $500, alleging that to have been the value of an “original oil painting” which had been damaged and rendered worthless as a result of negligence of defendant or its employees when the said oil painting was being transported by defendant by air express from New Orleans to St. Louis, Missouri, under a contract of carriage which had been entered into between the said defendant and the said Walker Saussy. '
Defendant admitted the execution, of the contract of carriage, but denied liability to plaintiff. It averred that when it received the shipment it issued to Saussy a receipt in which it was stated that the shipment was received subject to the tariffs which were in effect, and that the value of the shipment as. entered in the space, in which the shipper declared the value thereof had.not been properly given; that the defendant furthermore had agreed to transport the said shipment in accordance with the terms and conditions printed on the said receipt; that among the said terms and conditions it was stated that the shipment was received subject to the classifications and tariffs then in effect; that in Official Express Classification No. 34, which was on file with and had been approved by the Interstate Commerce Commission of the United States, it was provided that, in the event of damage, report should be made.within fifteen days of the date of delivery, and that the shipper had. not notified defendant of the damage until almost two months after delivery had been effected. Alternatively, defendant averred that in the said Express Clássificátion it was provided that the transporting company would not be liable for any amount .in excess of the value declared by the shipper at the time of shipment, and that the said Walker Saussy, as shipper, had declared the value to be $150.
There was judgment for defendant dismissing plaintiff’s suit and it has appealed.
In argument before' us counsel for defendant maintained that for several reasons the judgment appealed from is correct and should be affirmed. First, counsel asserts that there is no proof that the shipment was delivered to defendant in good condition and properly packaged. Second, they declare that there is no proof of the amount of the loss.. Third, they assert that the shipment, according to testimony offered by plaintiff, though declared to be worth $150, was actually worth at least $1500, and also according to testimony offered by plaintiff, the shipment was actually an ’“original oil painting,” whereas when delivered to defendant for transportation it was described as- “1 pkg adv artwork.” Counsel argue that had it been prope.rly described and valued it would have been accepted only in accordance-with certain regulations contained in the classification referred to, among which regulations are the following:
“Shipments, must be in wooden boxes and marked ‘Paintings’, ‘Pastels’, ‘Pictures’ ‘Oil Paintings’, etc., except that pictures, the yalue of which does not exceed $50.00 per package, framed or mounted, may be accepted when packed in accordance with Rule 18, and when unframed and unmounted may be accepted in pulp or fibreboard rolls.
**.#**♦
“Shipment of paintings, pastels or pictures valued at more than $550 will be accepted only upon the execution of the Uniform Special Contract.”
Counsél maintain that in any event liability must be limited -to $150, the declared value of the. shipment, and counsel for plaintiff concede that this is correct and that in no event should the judgment exceed $150.
Counsel for defendant present two other contentions, the first of which is easily disposed of, and the second of which we need not consider because of the conclusion which we have reached on other issues.
The first of these contentions is that the plaintiff insurer as subrogee of the shipper has no greater right than the original shipper, Walker Saussy, would’ have had, and that Saussy had no claim since it is -con *589 ceded that the shipment did not in fact belong to him.
It is shown that the picture which was shipped had been purchased by Saussy, an advertising agent, for $1200 and was to be used for a client, and that Saussy had expended $300 in making necessary alterations and additions, thus making the finished product worth $1500, and that the client, a brewery, had paid to Saussy the entire $1500. It is argued that from these facts Saussy did n'ot own. the. picture and that he would have had no right to make claim for the damage sustained by it, and that since he would have had no right to make such claim, he had no claim which he could assign to his insurer.
It appears, however,' that in the well known Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.A. § 20(11), it is provided that when a carrier receives merchandise for shipment it
“shall issue a receipt or bill of lading therefor, and shall be liable to ihe lawful holder thereof for any loss, damage, * * * • and no contract, receipt, rule, regulation, or other limitation of any character whatsoever shall exempt such common ■ carrier * * * from the liability imposed; * *
In Pennsylvania Railroad Co. v. Olivit Brothers, 243 U.S. 574, 37 S.Ct. 468, 471, 61 L.Ed. 908, in referring to this amendment, the Supreme Court said:
" * * * the purpose of the amendment-is special and definitely expresses the lawful holder of the bill of lading to be the person to whom the carrier shall be liable * *
It seems clear that, as a result of this provision in the Carmack Amendment to the Interstate Commerce Act, since Saussy was the lawful holder of the receipt or bill ■of lading, he could have made claim for the loss and that consequently any right which he had could be and was transferred by assignment to his insurer, the. plaintiff now before us.
Since our ultimate conclusion is that there is no liability in defendant, it is not necessary that we look into the question of whether the exact amount of the loss was proven.
The record shows that, though the shipment was labeled “1 pkg adv artwork” and its value, as declared by the shipper, .was $150, it was actually an “original oil painting” and had a value of at least $1500.
Alvin C. Camus, the office manager, testifying on behalf' of' plaintiff; said that he was aware of the fact that the “Regulation” required that oil paintings' be packaged in wooden crates or boxes and marked “oil painting,” and that the reason for marking this shipment as it was marked was that Saussy carried an insurance policy under which “we only have to declare 10 per cent of the value.” He also said that he knew that if the value of. a painting was more than $500, “you have to pack in a wooden crate.” He added:
“We take it that the insurance covers the other 90 per cent of the value.”
Counsel for defendant then elicited thé following testimony from Camus:.
’ “Q. As I understand your testimony, the purpose for which you took out the insurance was to' circumvent the applicability of the rate classification? A. To take the place of packaging in wooden crates.
“Q. To get around the requirement that they be properly packed in wooden crates?- A. Yes,'sir.”
'Counsel for. both parties seem to interpret the. regulation to which we have referred as requiring that paintings be crated or boxed only where the value exceeds $550 and counsel for defendant argues that even though the regulation requires boxing -or crating only where the declared value exceeded $550 and though Saussy may have been within his rights, when, for rate making or other purposes, he placed on the shipment a declared value of $150, he should have properly marked the shipment as containing an oil painting and should have ad *590 vised defendant that, though the declared value was only $150, the actual value was $1500.
Counsel argue that if defendant had been advised as to the nature and as to the actual value of the article which was shipped, the shipment would have received more careful handling and probably would not- have been damaged.
A study of Official Express Classification No. 34, which, it is conceded, was issued under authority of the Interstate Commerce Act, convinces us that under its provisions it is required that where the shipment consists of oil paintings, pastels, water colors, etc., it must be so marked and must be in a wooden box or a crate.
There is an exception to this requirement which has no application here. Under it, if such a shipment is valued at less than $50, it need be packaged only in accordance with Rule 18. Since the shipment was valued at $150, this exception did not apply.
There is a further requirement that when a shipment of a painting, pastel, or picture is valued at more than $550, it will be accepted only upon the execution of the “Uniform Special Contract.” This Uniform Special Contract contains quite a number of additional requirements, but nothing in it in any way lessens or affects the requirement which we have already, quoted to the effect that such a shipment must be marked as a painting and must be boxed or crated.
We find then that, though according to the testimony of plaintiff this shipment contained an original oil painting and was shipped with a declared value of $150, it was not boxed or crated, and we thus conclude that the shipper did not comply with the requirement of the carrier.
Our conclusion is that there is no liability because of this failure on the part of the shipper to comply with the requirements of the carrier.
The judgment appealed from is affirmed at the cost of appellant. ■
Affirmed.