CHASEZ, Judge.
Plaintiff, Glazer Steel Corporation, secured a default judgment against defendant, Strickland Transportation Company, Inc., for $415.63 as damages to certain materials transported by defendant. A new trial was not requested but defendant has appealed to this court seeking annulment and remission.
This suit arose when a shipment of steel materials was transported by the “Strick *118 land System” from Detroit, Michigan to the Glazer Steel Corporation located in New Orleans. Upon arrival here plaintiff noted damage to some six items of the shipment and wrote on the freight bill #62125501 that it was rejecting these items but the remainder was satisfactory. The shipment was received on August 8, 1969. On October 13, 1970 an invoice was sent to the “Strickland System” noting the material damaged in transit and the fact that plaintiff rejected same. The invoice also included the total cost of the items damaged.
Plaintiff filed suit when the claim was not paid and secured a default judgment when defendant did not answer or make an appearance.
Defendant appealed and urges this court to remand the case because of several alleged errors of the lower court and plaintiff’s failure to prove the allegations in its petition.
Defendant’s first assignment of error is that plaintiff has not proved that defendant was the carrier involved, in that the freight bill bears the inscription “Strickland System” and no connection has been proved with Strickland System and the Strickland Transportation Co., Inc. However, the testimony of plaintiff’s credit manager, who is responsible for filing claims on carriers, reflects that he is familiar with the account of Strickland Transportation Co., Inc. and that it is the carrier indicated on the freight bill. We are convinced that defendant and “Strickland System” are one and the same and that plaintiff has sufficiently proved the same.
Defendant further contends that plaintiff has not proved its damages. We can find no error of the trial court in finding that there was damage.
We note that the items rejected on the freight bill are the same which plaintiff has asserted as damage. Additionally, the credit manager in his testimony stated that the materials were damaged and that these items were useless for their intended purposes. The correctness of the amount claimed is shown by an invoice from Rolled Alloys, Inc. stating the cost of these items.
It is incumbent upon the defendant to prove the incorrectness of an asserted claim for damage. It is also an affirmative defense that a damaged article has some salvage value. The court cannot act as an advocate for or against the parties in interest. To do so would be an abdication of our juridical function.
Defendant’s final specification of error is that plaintiff failed to give proper and timely notice of claim to them as required by 49 U.S.C. § 20(11). Defendant’s contention being that a written claim must be filed with the carrier within nine months from the date of delivery.
The filing of a written notice of claim within 9 months is not a statutory requirement; it is instead a contractual requirement. The Federal Statute, 49 U.S.C. § 20(11), merely provides that a receiving or delivering common carrier cannot rule, contract, regulate, or otherwise shorten the period for filing claims to less than nine months. Thus the existence of the requirement to give notice of claim within 9 months is by contractual right and must so appear in a contract or bill of lading. The record contains no such agreement.
This court being bound by the evidence contained in the record can perceive no reason to remand this case when the issues presented on appeal should have been presented at trial. Defendant cannot now urge defenses which are unsupported by evidence contained in the record.
For the foregoing reasons the judgment of the lower court is affirmed. Costs to be paid by appellants.
Affirmed.