421 A.2d 399

**Edward A. PERLOW and Ellen Perlow**

v.

**AAACON AUTO TRANSPORT, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed July 25, 1980.

54

Alan H. Perer, Pittsburgh, for appellant.
Rodney W. Fink, Pittsburgh, for appellees.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from an order dismissing appellant AAAcon's exceptions to the decision in a non–jury trial and entering judgment in favor of appellees, the Perlows, in the amount of $2,120.39 with interest of $349.86. On this appeal AAAcon argues that the lower court erred both in finding it liable and in computing the amount of the damages.

In August 1975 the Perlows contracted with AAAcon to have their 1970 Dodge Dart automobile delivered to Albuquerque, New Mexico. AAAcon's driver took possession of the automobile on August 18, 1975; delivery in Albuquerque was scheduled for August 23. The Perlows paid AAAcon $190 to make the delivery.

When the automobile did not arrive in Albuquerque as scheduled, Mr. Perlow made several telephone calls to AAAcon concerning its whereabouts. He also sent a letter to AAAcon on September 5, 1975, demanding that AAAcon find the automobile and reimburse him for any damages and expenses. On September 6, the Perlows received a telephone call from the state police in Colorado informing them that their automobile had been found damaged and abandoned near the Grand Canyon; the driver had disappeared. On September 8, Mr. Perlow notified AAAcon's local office, and when AAAcon still failed to deliver the automobile, he sent another letter of complaint on September 22. Finally, on September 29, AAAcon delivered the automobile to the Perlows in Albuquerque. It was extensively damaged, and the Perlows traded it in as part of the purchase price of a new automobile. They brought the present action against AAAcon on November 17, 1976.

At trial Mr. Perlow testified that the value of the automobile before AAAcon's driver took possession of it was $2,200, but that after it was damaged, he had to trade it in for $792.77. He also testified that he had rented a substitute automobile from August 23 to September 29 at a total cost of $523.16. In addition to these damages, the Perlows

claimed reimbursement of the $190 delivery fee paid AAAcon. The damages awarded by the lower court included all three of these items.[1]

## 1

AAAcon argues that it should not be held liable because the evidence was insufficient to prove that it was responsible for the damages to the automobile, and because the Perlows failed to give AAAcon proper notice of their claim.

### a

The parties agree, and in any event it is settled, that AAAcon's liability as a carrier is controlled by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11). *See Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 57 S.Ct. 73, 81 L.Ed. 20 (1936). The Carmack Amendment provides in pertinent part that "[a]ny common carrier . . . receiving property for transportation . . . shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it. . . ." The Amendment "codifies the common–law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was cause by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.'" *Missouri Pacific Railroad Co. v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194, 197 (1964), *quoting* Bills of Lading, 52 I.C.C. 671, 679. Accordingly, "the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. Thereupon the burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Missouri Pacific Railroad Co. v. Elmore & Stahl, supra* at 138, 84 S.Ct. at 1145, 12

---

1. The Perlows also asked for punitive damages, but the lower court refused to award any, and the Perlows have not filed a cross appeal from that decision.

L.Ed.2d at 198. *See Blue Bird Food Prod. Co. v. Baltimore & Ohio R. Co.*, 474 F.2d 102, 103–04 (3d Cir. 1973); *Kaiser Aluminum & Chemical Corp. v. Illinois Central Gulf R. Co.*, 468 F.Supp. 615, 617–18 (E.D.Mo.1979); *Thomas Electronics, Inc. v. H. W. Taynton Co.*, 277 F.Supp. 639, 642 (D.C.Pa. 1967). *See also Aviation Associates of Puerto Rico v. Dixon Co.*, 333 F.Supp. 982 (M.D.Pa.1971). Here, the Perlows proved delivery of their automobile to AAAcon in good condition, arrival in damaged condition, and the amount of their damages. Moreover, AAAcon never proved either that it was free from negligence or that the damage to the automobile was due to one of the excepted causes.

b

■ AAAcon argues that under the Carmack Amendment, the Perlows were obliged to give it notice of their claim within nine months after the delivery of their automobile. This argument is without merit. The Carmack Amendment permits a carrier to establish a nine month notice requirement, but it does not itself establish such a requirement.[2] Thus, when such a requirement has been upheld, *see American Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 291 F.Supp. 723, 726 (W.D.Ky.1968); *Pennsylvania R. Co. v. Greene*, 173 F.Supp. 657, 659 (S.D.Ala.1959); *Penn State Laundry Co. v. Pennsylvania R. Co.*, 134 F.Supp. 955 (M.D. Pa.1955), the carrier has presented evidence that it established the requirement as part of its contract. *See Glazer Steel Corp. v. Strickland Trans. Co.*, 261 So.2d 117, 118 (La.App.1972) (record failed to show nine month limitation on claims). From the record in this case, it appears that AAAcon never presented any such evidence. *Cf. Cray v. Pennsylvania Greyhound Lines, Inc.*, 177 Pa.Super. 275, 110 A.2d 892 (1955) (tariff providing loss limitation introduced in evidence at trial).

**2.** The Amendment merely provides that "it shall be unlawful for any such receiving or delivering common carrier to provide by rule, contract, regulation, or otherwise a shorter period for the filing of claims than nine months ...."

2

AAAcon argues that in computing the amount of damages, the lower court should not have awarded the Perlows damages either for the rental charges for the substitute automobile, or for the fee paid AAAcon for delivering the automobile.

a

■ AAAcon contends that under the bill of lading covering the Perlow transaction, rental charges for a substitute automobile in case of delay of delivery were excluded. Unfortunately, a copy of the bill of lading covering the delivery of the automobile from Pittsburgh to Albuquerque has not been included in the record transmitted to us.[3] However, as we understand its argument, AAAcon does not claim that the rental charges were excluded as a matter of law under the Carmack Amendment, *see Missouri Pacific Railroad Co. v. Elmore & Stahl, supra; Caten v. Salt City Movers & Storage Co., Inc.*, 149 F.2d 428, 432 (2d Cir. 1945), but instead that the charges were unforeseeable special damages for which as a matter of contract law it could not be liable, *see* AAAcon's Brief at p. 9–10, *citing, Hadley v. Baxendale*, 9 Ex. 341, 156 Eng.Rep. 145 (1854), and *Marquette Cement Manufacturing Co. v. Louisville and Nashville Railroad Co.*, 281 F.Supp. 944 (E.D.Tenn.1967). This argument is without merit, for the rental charges were not unforeseeable special damages. Thus in *McCabe v. Chicago & N. W. Ry. Co.*, 215 Ill.App. 99 (1919), the court permitted the shipper to recover the rental value of his automobile as an actual loss incurred by the carrier's delay.

b

■ Under the Carmack Amendment, the shipper is entitled only to such damages as are necessary to place him

---

**3.** The original record transmitted to us only contains a copy of the front side of the bill of lading. The back of the bill, which contained the terms and conditions, was not included. The reproduced record also does not contain a copy of the original bill of lading. It does contain a copy of the bill signed by Mrs. Perlow for the delivery of the automobile from the Grand Canyon to Albuquerque.

in the same position as if the contract of carriage had been successfully performed. *Albion Elevator Co. v. Chicago & N. W. Trans. Co.*, 254 N.W.2d 6, 17–18 (Iowa 1977), *cert. denied*, 434 U.S. 904, 98 S.Ct. 301, 54 L.Ed.2d 190 (1977). Thus, it appears that freight or shipping charges may not be recovered by the shipper if he accepts delivery of the cargo at the point of destination and receives the benefits of his contract of carriage. In *Pennsylvania R. Co. v. Olivit Bros.*, 243 U.S. 574, 37 S.Ct. 468, 61 L.Ed. 908 (1917), the bill of lading only permitted damages measured by the value of the goods at the point of origin and not the higher value of the goods at the point of destination. Given this limitation, although delivery occurred, the shipper did not receive the benefit of the contract of carriage–the higher value. It was therefore entitled to recover the freight charges, for it was thereby "no more than made whole." *Id.* at 586, 37 S.Ct. at 472. *See W. A. Stackpole Motor Trans. Inc. v. Malden Spinning & Dyeing Co.*, 263 F.2d 47 (1st Cir. 1958); *Albion Elevator Co. v. Chicago & N. W. Trans. Co., supra* ; Annotation, 83 L.E. 867, 877–79 (1939). Here, although delivery was delayed, and the automobile was damaged, AAAcon did complete its contract to deliver the automobile from Pittsburgh to Albuquerque. The Perlows received the benefit of the contract to the extent that their automobile was delivered to Albuquerque and they did not have to expend any further effort or incur any further costs to have it brought there. All that is required to make the Perlows whole is to award them damages for the delay in delivery and the damage to their automobile. To make an additional award by reimbursing the fee they paid for the delivery would more than make them whole.

Accordingly, the judgment must be vacated and the case remanded. On remand the lower court should recompute the damages, and the interest on the damages, so as to be consistent with this opinion, and should enter judgment accordingly.

So ordered.

HOFFMAN, J., concurs in the result.