Jacob Markowitz, J.
The plaintiff has established that it is the successor, by merger, to the rights of Julius Kayser & Co., the shipper of the merchandise which was lost while in the possession of the defendant. It has also established that Julius Kayser & Co. is the holder of the bill of lading issued by defendant. Defendant’s answering affidavit admits that the claim filed by Julius Kayser & Co. had attached thereto the original bill of lading. Defendant’s supplemental memorandum concedes, further, that Julius Kayser & Co. retained the bill of lading, but contends that title passed to the consignee at the time of shipment and that the shipper was therefore only the agent of the consignee in making the shipment. This does not, however, prevent plaintiff, as the holder of the bill of lading, from suing the defendant for nondelivery, for subdivision (11) of section 20 of the Interstate Commerce Act (U. S. Code, tit. 49, § 20, subd. [11]) provides that a common carrier ‘1 shall be liable to the lawful holder ” of the bill of lading. It follows that plaintiff may sue for the loss of the shipment (Pennsylvania R. R. Co. v. Olivit Bros., 243 U. S. 574, 583; Davis v. Livingston, 13 F. 2d 605, 607).
The main issue on this motion relates to the validity of the partial defense that the shipper, in the bill of lading, declared the value of the shipment to be not more than $50. The plaintiff is suing for $365.75, the alleged value of the merchandise. Both parties agree that a provision limiting the liability of a common carrier engaged in interstate commerce to a declared sum, which is less than the value of the shipment, is valid only if the shipper received the benefit of a lower freight rate in return for the limitation of liability. The dispute between the parties arises because plaintiff claims that it did not receive a lower freight rate as the result of the fact that the declared value did not exceed $50, whereas defendant contends that the shipper did obtain the benefit of a lower rate than would have been applicable had the actual value of the shipment been declared.
A study of the filed schedule of rates convinces this court that plaintiff is correct in its claim. Since the so-called “ released ” value did not exceed $50 and the shipment weighed *788 not more than 100 pounds, application of the “ base rate ” was required, meaning the 11 applicable class or commodity rate ’ The applicable “ class or commodity rate ”, according to defendant, was Bate Scale No. 62, which called for payment of $2.13 for 100 pounds or $1.17 for the 55 pounds involved in the case at bar. However, because a ‘ ‘ minimum rate ” of $3.20 for a single shipment was fixed by rule 99 of the General Bules and Begulations, plaintiff was obliged to and did pay $3.20 to the defendant. Had the full value of the shipment ($365.75) been declared, the “ class or commodity rate ” would have been $1.57 instead of $1.17, but the plaintiff would in that event still have had to pay the same minimum rate of $3.20. Defendant’s contention that if the full value had been declared, the minimum rate would have been more than $3.20, does not appear to be supported by the documents submitted by defendant. It is only the base rate, defined as the “applicable class or commodity rate ”, which increases if the declared value increases. There is no provision for a similar increase in the “ minimum rate ”.
The fact that if the shipper had declared no value whatsoever for the shipment, the rate would have been more than the $3.20 paid by the shipper is immaterial. This is so because the shipper could have declared the full value of the shipment without having to pay more than $3.20. It therefore did not receive a lower freight rate in return for its declaration of a value not exceeding $50. It did not choose to avail itself of the optional right to declare no value, nor was it obliged to do so. Having declared a value less than the actual value, it should not be limited to the declared value if it could have declared the actual value without having to pay any greater freight charge.
The court accordingly holds that the $50 declaration does not limit plaintiff’s recovery to $50.
The motion is granted to the extent of striking out the answer and directing an assessment of damages. Settle order.